858 So.2d 1176 (2003)
Raymond MABREY, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 2D03-51.
District Court of Appeal of Florida, Second District.
November 7, 2003.
*1177 Raymond Mabrey, pro se.
Mark J. Hiers, Assistant General Counsel, Tallahassee, for Respondent.
WALLACE, Judge.
Raymond Mabrey, a state prisoner, petitions this court for a writ of certiorari to review a circuit court order that denied his petition for writ of habeas corpus. Mabrey filed his habeas corpus petition in the circuit court to review the Florida Parole Commission's revocation of his conditional release. Because we conclude that the circuit court's order departs from the essential requirements of the law, we grant the petition, quash the circuit court's order, and remand the case to the circuit court for further proceedings consistent with this opinion.

The Facts
On February 11, 1993, Mabrey was sentenced to a term of twenty-two years in prison. On January 1, 2001, after he had accumulated 155 months' worth of basic and incentive gain time, Mabrey was released from custody in accordance with the *1178 provisions of sections 947.1405 and 947.141, Florida Statutes (2000), known as the "Conditional Release Program Act."
At the time of the events relevant to this case, the terms of Mabrey's conditional release included the following conditions:
7. YOU SHALL OBEY ALL LAWS, ORDINANCES AND STATUTORY CONDITIONS OF CONDITIONAL RELEASE.
....
16. YOU SHALL MAKE RESTITUTION TOWARD THE TOTAL AMOUNT OF $2,506.00 (NOT LESS THAN $40.00 PER MONTH) TO THE VICTIM IN CASE NUMBER 91-09561 WITH METHOD OF PAYMENT THROUGH YOUR CONDITIONAL RELEASE SUPERVISOR. ALL PAYMENTS MADE BY THE OFFENDER SHALL BE APPLIED TO RESTITUTION IN THE ABOVE NAMED CASE(S) UNTIL PAID IN FULL. PAYMENTS SHALL THEN BE APPLIED TO ANY OTHER FINANCIAL OBLIGATIONS REQUIRED BY THIS ORDER.
Condition 16 concerning the payment of restitution was not imposed at the time of Mabrey's release but was added on May 21, 2001.
Evidence presented at Mabrey's revocation hearing established the pertinent facts. The event that precipitated the revocation of Mabrey's conditional release was a telephone call made by Mabrey's girlfriend (to whom we shall refer as "S.W.") to the St. Petersburg Police Department on the afternoon of September 23, 2001. Mabrey and S.W. had moved into an apartment in St. Petersburg earlier that month. Although the lease on the apartment was in S.W.'s name, Mabrey paid all the bills. S.W. testified that on the day in question, she wanted to leave the apartment in St. Petersburg and go home to Bradenton, but Mabrey would not let her take his car. S.W. decided to call the police and make a false report that Mabrey had hit her. Her motive was to get Mabrey out of the apartment so that she could take his vehicle and drive to Bradenton.
Officer David Skinner of the St. Petersburg Police Department was dispatched to respond to S.W.'s report of domestic violence. When Skinner arrived, S.W. was waiting outside the apartment. She told Skinner that Mabrey had slapped her face and that she wanted him out of the apartment. Skinner entered the apartment and found Mabrey sitting on the bed. Mabrey made no comment to Skinner about S.W.'s claim that Mabrey had hit her. Skinner placed Mabrey under arrest. Skinner reported at the hearing that Mabrey was polite. Mabrey asked Skinner to call his probation officer so that she would know his whereabouts.
When S.W. realized that Mabrey was under arrest and going to jail, she told Skinner that she did not want Mabrey to go to jail, just out of the apartment. S.W. refused to fill out any victim witness sheets and declined to be photographed. Skinner did not observe any evidence of injury to S.W. S.W. testified that she refused to sign anything because she knew she was lying. After Mabrey was arrested, S.W. took his vehicle and went to Bradenton.
Pursuant to a report filed by Mabrey's probation officer, Crystal Milton, the Parole Commission issued a warrant for Mabrey's arrest. The warrant charged Mabrey with violating condition 7 of the conditions of his release by slapping S.W. in the face. The warrant further charged Mabrey with violating condition 16 of the *1179 conditions of his release "in that he is $120.00 in arrears towards his monetary obligation in restitution as of September 25, 2001."

The Violation Hearing
Mabrey entered a plea of not guilty to both charges. A parole examiner conducted a hearing on the warrant alleging that Mabrey had violated the conditions of his conditional release. Four witnesses, including Mabrey, testified at the hearing. S.W. appeared and denied that Mabrey had hit her as she had earlier reported. S.W. also testified concerning the details of her living arrangements with Mabrey, the events that led to her telephone call to the police, and her motivation for making the false report that Mabrey had slapped her. S.W. also offered some testimony concerning Mabrey's earnings and their joint living expenses, which Mabrey paid. Officer Skinner testified concerning the events that had occurred when he responded to S.W.'s report that Mabrey had slapped her.
Mabrey offered testimony concerning the details of his employment, his earnings, and his various expenses and obligations. Mabrey stated that he had not had the additional funds available to pay the restitution obligation that was imposed in May 2001 but expressed the intention of "eventually making up the differences." Mabrey did not admit striking S.W. but expressed regret about having the argument with her that led to her telephone call. Mabrey said that S.W. was pregnant with his child.
Mabrey's probation officer, Milton, testified that S.W. had called to tell her that Mabrey had not hit her; S.W. just wanted Mabrey out of the apartment. S.W. had continued to call Milton periodically to request that Mabrey be released from jail. Milton had no personal knowledge concerning S.W.'s allegation of domestic violence. However, Milton did report that the state attorney's office had declined to file an information on the charge.
Milton told the parole examiner that she had charged Mabrey with failure to pay restitution because he received the new law violation. Although Milton had instructed Mabrey in May 2001 concerning the new requirement to pay restitution in the amount of $40 per month, she had not made any determination at that time of his ability to pay restitution. At the time of the issuance of the warrant, Mabrey was delinquent in his restitution obligation in the amount of $120, having failed to pay for the months of June, July, and August. Milton's information concerning Mabrey's employment income was incomplete. She did not know the extent of his expenses and obligations but was aware that he had an automobile. Milton testified that because she was concerned about the stability of Mabrey's employment and residence, she "did not push the restitution issue with him."
Milton testified that although Mabrey was initially unemployed following his release, he eventually obtained two jobs in order "to make ends meet." Mabrey had been placed on electronic monitoring and had no problems with the system. Mabrey had submitted all of his monthly written reports in a timely manner. Milton was concerned about Mabrey's relationship with S.W. but recommended that he be reinstated to his conditional release status.

The Parole Examiner's Findings and Recommendation
Because there was no evidence presented to prove the allegation, the parole examiner found Mabrey not guilty of the new law violation. On the second charge of violating condition 16 by failing to pay restitution, the parole examiner found Mabrey not guilty because no evidence was *1180 submitted that he had the ability to pay. The parole examiner recommended that Mabrey's supervision be reinstated.

The Parole Commission's Order
On January 30, 2002, the Parole Commission issued its order finding that Mabrey had violated the terms and conditions of his conditional release. The evidence that the Parole Commission said it relied upon in support of its finding was:
Condition 16: Finding of guilt based upon the testimony of Correctional Probation Officer Crystal Milton that she had instructed subject on May 20, 2001, that he was to pay $40.00 per month toward restitution. Also, that subject had reported an income of $1,100.00 for the month of July 2001, and $1,120.00 for the month of June 2001.
Based upon this finding, the Parole Commission revoked Mabrey's conditional release, and he was returned to prison.

Proceedings in the Circuit Court
In July 2002, Mabrey filed a petition for writ of habeas corpus in the circuit court. Mabrey's petition alleged, in pertinent part:
[A]fter the formal revocation hearing, the hearing officer found as to the allegation of missed restitution payments that the Petitioner was not guilty. She based this determination on all the evidence admitted at the hearing and reasoned that no evidence was submitted to prove he had the ability to pay. She further recommended CRS [conditional release supervision] be reinstated.
To Petitioner's misfortune, the Commission was dissuaded by the hearing officer's recommendation and decided to revoke the CRS based on its' [sic] own independent review of the evidence. This act of the commission violates basic notions of due process and state law.
(Record references omitted.) Mabrey argued further that the parole examiner's finding that he did not willfully and substantially violate the terms and conditions of his conditional release was supported by competent, substantial evidence. Mabrey concluded that the Parole Commission was wrong to "second guess" the parole examiner. Mabrey requested that he be returned to conditional release supervision.
In its order denying the petition for writ of habeas corpus, the circuit court did not directly address Mabrey's argument on this point but said:
The Court further finds that the evidence adduced at this Conditional Release violation hearing reflects that the Conditional Release violation was a willful and substantial violation of the terms and conditions of supervision. As reflected in the Conditional Release Hearing Summary which constitutes a sufficient record of the violation proceedings, Glumb v. Honsted, 891 F.2d 872, 873-874 (11th Cir.1990), the Petitioner had sufficient income to pay the restitution amount, even when considering the Petitioner's reported monthly expenses. The Court finds no error in the Commission's decision to revoke the Petitioner's Conditional Release supervision on the basis of his failure to pay restitution. Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987).
(Record references omitted.) Having effectively rejected the argument Mabrey made about the Parole Commission's decision to "second guess" the parole examiner, as well as his other arguments, the circuit court entered an order denying his petition for writ of habeas corpus. Mabrey timely petitioned this court for review by certiorari of the circuit court's order.

The Nature and Scope of Review
The Parole Commission is an administrative agency, and its final orders *1181 are ordinarily subject to review by appeal to the appropriate district court of appeal under the provisions of section 120.68(2), Florida Statutes (2002). See Sheley v. Fla. Parole Comm'n, 703 So.2d 1202, 1205 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). Nevertheless, section 120.81(3)(a) precludes parolees from seeking review by appeal of orders of the Parole Commission that rescind or revoke parole. Id. In the absence of a statutory right to an appeal, however, review of a Parole Commission order remains available by mandamus or habeas corpus. See Griffith v. Fla. Parole & Prob. Comm'n, 485 So.2d 818, 820 (Fla.1986); Sheley, 703 So.2d at 1205. Once an inmate has had a full review on the merits of a Parole Commission order in the circuit court, the inmate is not entitled to a second plenary appeal of the order in the district court of appeal. See Sheley, 720 So.2d at 217-18. Thus review of the trial court's order is by petition for writ of certiorari. Id. at 217.
The scope of our review on a petition for second-tier certiorari is limited to determining whether the circuit court (1) afforded procedural due process and (2) applied the correct law. See Miami-Dade County v. Omnipoint Holdings, Inc., 28 Fla. L. Weekly S717, ___ So.2d ____, 2003 WL 22208012 (Fla. Sept. 25, 2003); Sheley, 703 So.2d at 1206. This second-tier certiorari review is simply another way of deciding whether the lower court "departed from the essential requirements of law." Omnipoint Holdings, Inc., 28 Fla. L. Weekly at S718, ___ So.2d at ____ (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). A ruling constitutes a departure from the essential requirements of law when it amounts to a "violation of a clearly established principle of law resulting in a miscarriage of justice." Id. (quoting Tedder v. Fla. Parole Comm'n, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003)). The district court may not review the record to determine whether the underlying agency decision is supported by competent, substantial evidence. Id. (citing Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1093 (Fla.2000)).

The Applicable Law
Mabrey's petition for writ of certiorari to this court raises three points. Two of these points lack merit and do not warrant further discussion. With respect to his third point, Mabrey does not contend that the circuit court denied him due process of law. Mabrey contends instead that the circuit court's order departs from the essential requirements of law. Mabrey's argument on his third point proceeds from the parole examiner's finding that he was not guilty of violating special condition 16 because there was no evidence submitted to prove that he had the ability to pay restitution as required.
In Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994), the Supreme Court of Florida held that "before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay but has willfully refused to do so." In order to prove willfulness, a necessary element to prove a violation, the State must present evidence of the probationer's ability to pay. See Robinson v. State, 773 So.2d 566, 567 (Fla. 2d DCA 2000); Cherry v. State, 718 So.2d 294, 295 (Fla. 2d DCA 1998); Haynes v. State, 571 So.2d 1380, 1381 (Fla. 2d DCA 1990). The parties agree that the rule announced in Stephens is applicable to Mabrey's case, and the circuit court did not rule to the contrary.
In support of his contention that the circuit court's order departs from the essential requirements of the law, Mabrey has called our attention to the recent decision *1182 in Tedder v. Florida Parole Commission, 842 So.2d 1022 (Fla. 1st DCA 2003).[1] Tedder was placed on conditional release. One of the conditions of his release was that he not change his residence without securing the permission of his conditional release supervisor. After a hearing on a charge of violating the condition in question, the parole examiner found that the evidence failed to prove that Tedder had moved from his residence as charged. The parole examiner recommended that Tedder be reinstated to conditional release supervision. The Parole Commission reweighed the evidence, found the evidence sufficient to establish Tedder's guilt of the violation charged, and revoked his conditional release.
Tedder sought review by writ of mandamus in the circuit court. Tedder argued that because the parole examiner's findings were based on competent, substantial evidence, the Parole Commission was not permitted to disregard them. The circuit court concluded that sufficient evidence had been presented at the revocation hearing to support the Parole Commission's decision to revoke Tedder's conditional release and denied his petition.
Tedder then sought further review by a petition for writ of mandamus to the district court. After noting the basic principle of administrative law that an agency may not reject a hearing officer's finding of fact that is supported by competent, substantial evidence, the First District applied this principle to the circumstances in Tedder's case:
In this case, it is apparent that the Parole Commission merely reweighed the evidence considered by the examiner, finding that evidence sufficient to satisfy it that Tedder had moved on August 3, as alleged. Because it is also apparent that the examiner's finding to the contrary was supported by competent, substantial evidence, the Parole Commission was not permitted to disregard the examiner's finding in favor of its own, and to revoke Tedder's conditional release on that basis.
In denying Tedder's petition for a writ of mandamus, the trial court did not follow the well-established law set out above. Instead, it focused exclusively on the Parole Commission's decision, concluding that it was supported by competent, substantial evidence. This, too, constituted a departure from the essential requirements of law because it is well-settled that whether the agency findings are supported by competent, substantial evidence is irrelevant as long as those of the hearing officer are as well. See Gross [v. Dep't of Health], 819 So.2d [997,] 1003 [(Fla. 5th DCA 2002)] ("if the court concludes that both the administrative law judge's findings and the agency's substituted or modified findings are supported by substantial competent evidence, the findings made by the administrative law judge must prevail and the agency's order rejecting or modifying them must be reversed"); Westchester Gen. Hosp. v. Dep't of Health & Rehab. Servs., 419 So.2d 705, 708 (Fla. 1st DCA 1982) (when both the hearing officer's findings and those of the agency are supported by competent, substantial evidence, the former must prevail).
Id. at 1025-26. Based upon its analysis, the First District granted the petition, quashed the circuit court's order, and remanded the case for reconsideration of Tedder's petition. Id. at 1026.

*1183 Analysis
In this case, the parole examiner found that Mabrey did not violate special condition 16 because no evidence was submitted to prove that he had the ability to pay restitution. In its order, the Parole Commission did not conclude that the parole examiner's finding was unsupported by competent, substantial evidence. Instead, the Parole Commission reevaluated the evidence presented at the hearing and reached a different conclusion from the hearing examiner. This was impermissible under clearly established principles of administrative law. See, e.g., Gross v. Dep't of Health, 819 So.2d 997, 1001 (Fla. 5th DCA 2002); Heifetz v. Dep't of Bus. Reg., 475 So.2d 1277, 1281 (Fla. 1st DCA 1985).
On its first-tier review, the circuit court also reweighed the evidence presented at the hearing and found "that the Conditional Release violation was a willful and substantial violation of the terms and conditions of supervision." The circuit court concluded that it found "no error in the Commission's decision to revoke the Petitioner's Conditional Release supervision on the basis of his failure to pay restitution." Thus the circuit court failed to apply the correct law in considering Mabrey's petition. The circuit court limited its consideration of the matter to the adequacy of the evidence to support the Parole Commission's decision to revoke Mabrey's conditional release based upon a failure to pay restitution. Instead, the subject of the circuit court's inquiry should have been whether the parole examiner's contrary finding was supported by competent, substantial evidence. If the parole examiner's finding was supported by competent, substantial evidence, then the parole examiner's finding must prevail over the Parole Commission's conclusion to the contrary. See Gross, 819 So.2d at 1003.

Conclusion
The circuit court departed from the essential requirements of the law when it denied Mabrey's petition for the writ of habeas corpus based upon its re-examination of the adequacy of the evidence to support the Parole Commission's finding. Therefore, we grant the petition for writ of certiorari, quash the circuit court's order denying Mabrey's petition for writ of habeas corpus, and remand this case to the circuit court for reconsideration of Mabrey's petition.[2] We note that more than two years have elapsed since Mabrey was arrested for the unproven domestic violence offense. Accordingly, on remand, we direct that the circuit court expedite its reconsideration of Mabrey's petition.
Petition for writ of certiorari granted, circuit court order quashed, and case remanded *1184 to the circuit court for further proceedings consistent with this opinion.
FULMER, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] The circuit court entered its order on December 5, 2002. The decision in Tedder was issued on April 22, 2003.
[2] On remand, when the circuit court conducts its inquiry into whether competent, substantial evidence supported the parole examiner's finding that no evidence had been submitted to prove that Mabrey had the ability to pay, we recommend that the circuit court not overlook the following: (1) Mabrey's probation officer testified that she did not determine whether he had the ability to pay or not; (2) the probation officer "did not push the restitution issue with him" prior to or during the time Mabrey fell into arrears because she was concerned about his precarious financial situation; and (3) the State had the burden to prove Mabrey's ability to pay in light of Mabrey's contention that his financial situation at the time he fell into arrears precluded his ability to pay. See Green v. State, 620 So.2d 1126, 1129-30 (Fla. 1st DCA 1993) (holding that the State failed to prove that the probationer willfully violated a condition to pay restitution when he offered unrefuted testimony, partially corroborated by this probation officer, that he did not have the ability to pay at the time of the violation).