872 So.2d 339 (2004)
Stanley THOMAS, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 2D03-3936.
District Court of Appeal of Florida, Second District.
April 14, 2004.
Stanley Thomas, pro se.
Susan Schwartz, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
CANADY, Judge.
Stanley Thomas, whose conditional release was revoked by the Parole Commission, seeks certiorari review of the circuit court's order denying his petition for writ of habeas corpus. For the reasons set forth below, we conclude that Thomas is entitled to relief.
Thomas properly challenged the revocation of his conditional release by seeking a writ of habeas corpus in the circuit court. See Mabrey v. Fla. Parole Comm'n, 858 So.2d 1176, 1181 (Fla. 2d DCA 2003). And he now properly seeks certiorari review of the circuit court's denial of his habeas petition. See id. Thomas is entitled to relief only if he can show that the circuit court "did not afford procedural due process or departed from the essential requirements of law." Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla. 2003). There is a departure from the essential requirements of law "only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Id.; see also Mabrey, 858 So.2d at 1181.
Thomas's conditional release was revoked solely because he did not complete payment for drug treatment that he voluntarily entered. Although the conditional release order did allow his control release officer (CRO) to order Thomas into drug treatment, the record documents, including the summary of the revocation hearing, do *340 not indicate that Thomas was in fact ordered into drug treatment.
Thomas's conditional release cannot legally be revoked for his failure to complete a condition that was neither ordered by the court nor properly delegated to and ordered by his CRO. See Narvaez v. State, 674 So.2d 868 (Fla. 2d DCA 1996) (holding that it was fundamental error to revoke defendant's probation because he violated a condition with which he was never ordered to comply). This principle of law governing revocation of probation is equally applicable to revocation of conditional release. In not following Narvaez, the trial court "violated a clearly established principle of law," and a "miscarriage of justice" was the result. Kaklamanos, 843 So.2d at 889.
Accordingly, we grant the petition for writ of certiorari. We quash the circuit court's order and remand with directions that Thomas's petition for habeas corpus be granted and his conditional release reinstated.
Petition granted; remanded with directions.
STRINGER and SILBERMAN, JJ., concur.