SILBERMAN, Judge.
Raymond Lee Mabrey, pro se, petitions this court for a writ of certiorari to quash the circuit court’s Order Denying Petition for Writ of Habeas Corpus upon Remand. Mabrey filed his habeas petition in the circuit court to challenge the revocation of his conditional release by respondent Florida Parole Commission. Because the circuit court departed from the essential requirements of law in denying Mabrey relief upon remand from this court’s opinion in Mabrey v. Florida Parole Commission, 858 So.2d 1176 (Fla. 2d DCA 2003), we grant the petition, quash the circuit court’s order, and again remand for further proceedings.
This court’s opinion in Mabrey details the circumstances resulting in Mabrey’s conditional release revocation hearing. Central to our review here is the fact that the hearing officer determined that Ma-brey was not guilty of violating special condition 16 which required him to pay restitution because “no evidence was submitted to prove he had the ability to pay.” The Commission, however, revoked Ma-brey’s conditional release based solely on his failure to pay restitution of $40 per month, stating that Mabrey had reported income of $1100 for July 2001 and $1120 for June 2001.
At the revocation hearing, the State had presented testimony by the conditional release officer that Mabrey failed to pay restitution and that he had income of approximately $1100 per month. However, the officer did not know whether the income was gross or net and did not determine whether Mabrey had the ability to pay restitution. The officer further testi *1166 fied that she was concerned with Mabrey’s employment and residence stability and “therefore did not push the restitution issue with him.” Mabrey testified to his expenses (and the Commission later argued to the circuit court that Mabrey’s expenses totaled $910 per month). Ma-brey explained that, in addition, he helps support his elderly parents. Mabrey testified “that he did not have the additional funds to pay the restitution, but had every intention of eventually making up the differences.”
The Commission did not state that the hearing officer’s finding was not supported by competent, substantial evidence. Instead, it simply stated that Mabrey had been instructed regarding $40 per month restitution and that he had income of $1100 in July 2001 and $1120 in June 2001. On that basis, it revoked Mabrey’s conditional release. The circuit court denied Mabrey’s petition for writ of habeas corpus, and this court quashed the circuit court’s decision in Mabrey. Upon remand, the circuit court again denied Mabrey’s petition. That order is now before us on second-tier certiorari review.
The scope of our second-tier cer-tiorari review “is limited to determining whether the circuit court (1) afforded procedural due process and (2) applied the correct law.” Mabrey, 858 So.2d at 1181. This requires a determination of whether the circuit court departed from the essential requirements of law. Id A departure from the essential requirements of law is a violation of a clearly established principle of law resulting in a miscarriage of justice. Id.
In Mabrey, this court stated that the “Commission did not conclude that the parole examiner’s finding was unsupported by competent, substantial evidence.” Id. at 1183. Rather, the Commission reevaluated the evidence and reached a different conclusion, in violation of clearly established principles of administrative law. Id. This court noted that “the circuit court’s inquiry should have been whether the parole examiner’s contrary finding was supported by competent, substantial evidence.” Id. at 1183; see Tedder v. Fla. Parole Comm’n, 842 So.2d 1022, 1025 (Fla. 1st DCA 2003); Forehand v. Sch. Bd. of Washington County, 481 So.2d 953, 955 (Fla. 1st DCA 1986) (stating that “an agency may not reject or modify the findings of fact of the hearing officer unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent, substantial evidence”).
In the order on review, the circuit court avoided addressing the issue of competent, substantial evidence to support the hearing officer’s finding by couching the hearing officer’s finding as “based on an erroneous assumption of law. The burden was on the Petitioner to prove by clear and convincing evidence that he did not have the ability to pay. Petitioner did not meet this burden.” However, this court in Mabrey instructed the circuit court as follows:
In Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994), the Supreme Court of Florida held that “before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay but has willfully refused to do so.” In order to prove willfulness, a necessary element to prove a violation, the State must present evidence of the probationer’s ability to pay. See Robinson v. State, 773 So.2d 566, 567 (Fla. 2d DCA 2000); Cherry v. State, 718 So.2d 294, 295 (Fla. 2d DCA 1998); Haynes v. State, 571 So.2d 1380, 1381 (Fla. 2d DCA 1990). The parties agree that the rule announced in Stephens is applicable to Mabrey’s case, *1167 and the circuit court did not rule to the contrary.
Mabrey, 858 So.2d at 1181. On remand, the circuit court stated that after the State proved failure to pay restitution, “the burden of proof shifted to the Petitioner to show by clear and convincing evidence that he did not have the ability to pay,” citing Green v. State, 620 So.2d 1126 (Fla. 1st DCA 1993). However, in Green the court recognized that the State must first show that the violation was willful. Id. at 1129.
The Fifth District has explained as follows:
Although a plain reading of the statute [section 948.06(5), Florida Statutes (2002)] appears to place the burden of proving ability to pay restitution on the probationer, our courts have held that in order to revoke probation for failure to pay restitution the burden is on the State to prove the “willfulness” of the violation, and in order to prove “willfulness” the State must provide evidence that the probationer has the ability to pay restitution but willfully refuses to do so.
Osta v. State, 880 So.2d 804, 807 (Fla. 5th DCA 2004) (citing Stephens, 630 So.2d 1090, and Hartzog v. State, 816 So.2d 774 (Fla. 2d DCA 2002)).
Here, the circuit court departed from the essential requirements of law in determining that the hearing officer relied on “an erroneous assumption of law.”. As noted above, the hearing officer’s legal determination that the State must prove ability to pay to establish willfulness was not an erroneous assumption of law. See Mabrey, 858 So.2d at 1181; Robinson, 773 So.2d at 567; Osta, 880 So.2d at 807. In addition, the circuit court again departed from the essential requirements of the law because it failed to address whether the hearing officer’s finding, that the State had not established Mabrey’s ability to pay, was. supported by-competent,, substantial evidence. See Mabrey, 858 So.2d at 1183.
Thus, we grant the petition and quash the circuit court’s Order Denying Petition for Writ of Habeas Corpus upon Remand. In Mabrey this court strongly suggested the path the circuit court should follow, but it appears that the circuit court sought to avoid following that path. Thus, we again direct the circuit court that, based on the foregoing law, it must determine whether competent, substantial evidence supported the hearing officer’s decision; if so, the circuit court must grant Mabrey’s habeas petition.
Petition for writ of certiorari granted, order quashed, and remanded for further proceedings consistent with this opinion.
STRINGER and WALLACE, JJ„ Concur.