916 So.2d 915 (2005)
William C. SYLVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-295.
District Court of Appeal of Florida, Fifth District.
November 18, 2005.
Rehearing Denied December 22, 2005.
*916 William C. Sylvis, Bushnell, pro se.
No Appearance for Appellee.
THOMPSON, J.
William C. Sylvis appeals the circuit court's denial of his petition for writ of habeas corpus after the Florida Parole Commission ("FPC") revoked his parole. We treat Sylvis's appeal as a petition for writ of certiorari and deny the petition.[1]
Sylvis pled guilty in December 1994 to four counts of lewd and lascivious acts on one of his daughters, Nichole M. Burton, and to one count of aggravated battery. He was sentenced for 15 years' imprisonment on each count of lewd and lascivious acts and 7 years for aggravated battery, to run concurrently. Sylvis was granted conditional release on 1 January 2001. One special condition of parole stated:
24. You shall have absolutely no contact with the victim of the offense ..., directly or indirectly through, including a third person, unless approved by the Commission, during the term of your conditional release.
The FPC issued a warrant for revoking conditional release on 7 September 2001, alleging that Sylvis violated Condition 24 and another condition by having contact with Nichole between 25 August and 28 August 2001. At the 3 October 2001 hearing, the State introduced into evidence a photograph of Sylvis with Nichole and children. Nichole's sister-in-law testified that she saw Sylvis in Nichole's presence and at Nichole's home, but could not remember specific dates. Nichole testified that she initiated contact with Sylvis and saw him once or twice each week in August, but not between 25 August and 28 August. She testified that the photograph was taken in June 2001. Although he did not testify, Sylvis stated in concluding remarks that he did have contact with Nichole occasionally, but that she initiated it.
The hearing officer found that Sylvis had not violated the conditions as alleged because there was no evidence he had contact with Nichole between 25 August and 28 August; accordingly, she recommended that Sylvis be restored to supervision. The FPC disregarded the recommendation and revoked Sylvis's parole on 12 December 2001. However, it vacated the revocation on 12 November 2003. On 13 November 2003, it reissued a warrant alleging that Sylvis violated the conditions of his parole by having contact with Nichole during the term of his supervision. Sylvis filed a petition for injunctive relief on grounds of res judicata, double jeopardy, and due process. The circuit court denied Sylvis's motion.
At the hearing on the FPC's second revocation, Sylvis denied violating Condition 24. Because the witnesses could not be located, the only evidence presented *917 was the voice recording of the first hearing. Sylvis's counsel objected to the tape as inadmissible hearsay and to the charge as void for vagueness. Based upon the tape, which contained Sylvis's admission, the hearing officer found Sylvis violated the conditions of his probation. The FPC revoked Sylvis's parole on 7 April 2004.
Sylvis petitioned the circuit court for a writ of habeas corpus on 25 June 2004. He alleged that the FPC ignored the first Hearing Officer's findings of fact in violation of Tedder v. Florida Parole Commission, 842 So.2d 1022 (Fla. 1st DCA 2003). He further alleged that the tape was inadmissible hearsay, violating his right to confrontation, and that his daughters initiated contact. The FPC responded that Sylvis's statements were admissible as former testimony, statements against interest, and an admission under section 90.803(18), Florida Statutes (2003). The FPC noted that Sylvis did not dispute the authenticity of the recording and that he could not claim lack of confrontation because he was the declarant.
The circuit court denied Sylvis's petition for writ of habeas corpus on 22 October 2004. It ruled that Sylvis's statements were admissible as former testimony, statements against interest, and admissions under section 90.803(18), and that such admissions constituted "indirect evidence sufficient to support revocation of supervised release." Sylvis's motion to alter or amend the denial was denied 16 December 2004. Sylvis filed a timely notice of appeal.
Because the appealed order was entered in a review proceeding in circuit court, Sylvis may seek relief only by certiorari. Sheley v. Florida Parole Comm'n, 703 So.2d 1202, 1204 (Fla. 1st DCA 1997), aff'd, 720 So.2d 216 (Fla.1998). "[O]nce an inmate has had a full review on the merits of a Parole Commission order in the circuit court, he or she is not entitled to a second plenary appeal of the order in the district court." Sheley, 720 So.2d at 218; see also Mabrey v. Florida Parole Comm'n, 858 So.2d 1176, 1181 (Fla. 2d DCA 2003). Rule 9.040(c) of the Florida Rules of Appellate Procedure provides that "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy has been sought." See Sheley, 703 So.2d at 1204. Accordingly, we treat Sylvis's appeal as a petition for writ of certiorari. Id. at 1205; Fla. R.App. P. 9.030(b)(2).
This court's "second-tier" review is limited to two considerations: whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003); Sheley, 703 So.2d 1202; see also Mabrey, 858 So.2d at 1181. Certiorari review considers whether the lower court departed from the essential requirements of law. Mabrey, 858 So.2d at 1181. A ruling departs from the essential requirements of law when it violates a clearly established principle of law, resulting in a miscarriage of justice. Id. The departure must be more than a simple legal error to justify issuing a writ of certiorari. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). It is inappropriate to exercise certiorari review when the district court merely disagrees with the interpretation of a circuit court sitting in its appellate capacity. Id. at 889-90. The court may either deny the petition for writ of certiorari, or grant it and quash the order denying the petition for writ of habeas corpus. Tedder, 842 So.2d at 1025. "It may not enter judgment on the merits, or direct the lower tribunal to enter any particular order." Id.
In this case, the circuit court sat as an appellate court to review the FPC's *918 findings at Sylvis's second hearing. The trial court ruled that there was a legal basis for the admission of the evidence against Sylvis and that his probation could be revoked based upon the tape and his own testimony. Further, we recognize that probation revocation hearings need not meet the strict requirements of criminal trials. Johnson v. State, 776 So.2d 1024, 1025 (Fla. 1st DCA 2001). For example, hearsay evidence is admissible in violation of probation hearings, although it cannot provide the sole basis for revocation. Morris v. State, 727 So.2d 975, 976 (Fla. 5th DCA 1999). Nevertheless, a parolee's admission is direct evidence from which a court can properly find him in violation. E.P. v. State, 901 So.2d 193, 196 (Fla. 4th DCA 2005).
Having reviewed the record on appeal and the applicable law, we conclude that the circuit court did not depart from the essential requirements of law when it denied Sylvis's petition for writ of habeas corpus.
PETITION FOR WRIT OF CERTIORARI DENIED.
SHARP, W., and MONACO, JJ., concur.
NOTES
[1] Fla. R.App. P. 9.030(b)(2).