924 So.2d 908 (2006)
James Eugene RICHARDSON, Sr., Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D05-4052.
District Court of Appeal of Florida, First District.
March 23, 2006.
*909 Pro se, for Petitioner.
Bradley R. Bischoff, Assistant General Counsel, Tallahassee, for Respondent.
PER CURIAM.
In a petition for writ of certiorari, James Eugene Richardson, Sr. (Petitioner), an inmate in the state correctional system, seeks review of the circuit court's final order. That order denied Petitioner's petition for writ of habeas corpus, in which he challenged an order of Respondent, the Florida Parole Commission, revoking his conditional release supervision. Concluding that the circuit court's order departed from the essential requirements of law, we grant the petition, quash the circuit court's order, and remand for expedited proceedings in accordance with Merritt v. Crosby, 893 So.2d 598 (Fla. 1st DCA 2005), and Tedder v. Fla. Parole Comm'n, 842 So.2d 1022 (Fla. 1st DCA 2003).
In pertinent part, the documents attached to the Commission's response to our order to show cause reflect that in January 1999, Petitioner was released from prison to conditional release supervision, subject to conditions of supervision until June 26, 2002. One of these specific conditions proscribed Petitioner's use or possession of "narcotics, drugs, or marijuana unless prescribed by a physician"; another condition required Petitioner to "obey all laws, ordinances and statutory conditions of conditional release." A February 2002 violation report alleged that on January 26, 2002, Petitioner had used or possessed cocaine (actually or constructively) and had tampered with evidence by flushing narcotics down the toilet. In *910 March 2002, the Commission issued a warrant, and Petitioner was arrested. Following a hearing on the alleged violations, the hearing examiner found Petitioner not guilty and recommended that Petitioner be reinstated to conditional release supervision. Despite the hearing examiner's recommendation, the Commission issued a June 2002 order summarizing evidence that, in its view, established a violation of the conditions of conditional release and justified revoking Petitioner's conditional release. After the revocation, Petitioner filed a petition for writ of habeas corpus in the circuit court, essentially contending that the Commission was not free to disregard the factual findings of the hearing examiner that were based on competent, substantial evidence (CSE). The circuit court denied the petition.
"Although the Florida Parole Commission is an administrative agency, a special provision of the Administrative Procedure Act exempts inmate orders from review by appeal." Sheley v. Fla. Parole Comm'n, 703 So.2d 1202, 1205 (Fla. 1st DCA 1997) (criminal division en banc), approved, 720 So.2d 216 (Fla.1998). Whereas section 120.68(2), Florida Statutes (2003), provides that final agency action usually is subject to review by appeal to the appropriate district court of appeal, section 120.81(3)(a), Florida Statutes (2003), sets forth an exception to this general rule for "prisoners, as defined by s. 944.02, [who] shall not be considered parties in any proceedings other than those under s. 120.54(3)(c) or (7), and may not seek judicial review under s. 120.68 or any other agency action." In lieu of a statutory right to an appeal, review of the Commission's orders remains available by petitions for habeas corpus or mandamus filed in the circuit court. See Griffith v. Fla. Parole & Probation Comm'n, 485 So.2d 818, 820 (Fla.1986); Mabrey v. Fla. Parole Comm'n, 858 So.2d 1176, 1181 (Fla. 2d DCA 2003); Heard v. Fla. Parole Comm'n, 811 So.2d 808 (Fla. 1st DCA 2002); Sheley, 703 So.2d at 1205. As was noted in the Sheley decisions, see 720 So.2d at 217-18 and 703 So.2d at 1205-06, the Florida system of appellate review was not intended to afford an inmate both the right to full review on the merits of a final order of the Commission by petition for mandamus (or, in Petitioner's case, a petition for writ of habeas corpus) in the circuit court (acting in its review capacity), and then a second plenary appeal of the order in the district court of appeal. See Mabrey, 858 So.2d at 1181. Instead, "[r]eview of a circuit court's ruling in such a case may be sought by a petition for writ of certiorari" in the district court of appeal. Tedder, 842 So.2d at 1024; Sheley, 720 So.2d at 217; Fla. R.App. P. 9.030(b)(2)(B). At this second tier of review, with its more restricted standard of review, we are limited to determining "whether the circuit court afforded due process and whether the court observed the essential requirements of law." Sheley, 703 So.2d at 1206; Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Mabrey, 858 So.2d at 1181; Tedder, 842 So.2d at 1024. "[T]his standard is essentially the same as the general standard that applies under Combs v. State, 436 So.2d 93 (Fla.1983), when certiorari is used to review any other appellate decision of the circuit court." Sheley, 703 So.2d at 1206. In Combs, 436 So.2d at 95-96, the Supreme Court of Florida stated that a ruling constitutes "a departure from the essential requirements of law" where "a violation of a clearly established principle of law" results in "a miscarriage of justice." In considering such a petition for writ of certiorari, we are limited to either denying the petition, or to granting it and quashing the order to which the petition is directed. See Tedder, 842 *911 So.2d at 1024. We do not review the record "to determine whether the underlying agency decision is supported by competent, substantial evidence." Mabrey, 858 So.2d at 1181.
In his petition for writ of habeas corpus in the circuit court, Petitioner argued essentially that the record evidence supported the hearing examiner's conclusion that Petitioner was not guilty of any violation of the conditions of conditional release, so that the Commission erred by concluding otherwise. As we noted in Tedder, 842 So.2d at 1025: "It is a basic tenet of administrative law (subject to limited exceptions not pertinent here) that an agency may not reject a hearing officer's finding of fact that is supported by competent, substantial evidence." See § 120.57(1)(l), Fla. Stat. (2003); Forehand v. Sch. Bd. of Washington County, 481 So.2d 953, 955 (Fla. 1st DCA 1986).
The seminal decision in Heifetz v. Dep't of Bus. Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985), states:
It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence . . . . The agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion.
It is apparent from the record that the Commission reviewed the same testimony that the hearing examiner had considered, but that the Commission re-judged the credibility of the witnesses and re-weighed the evidence in rejecting the hearing examiner's conclusion that Petitioner was not guilty of any violation. Because the record demonstrates that CSE supported the hearing examiner's recommendation, the Commission acted impermissibly in disregarding the examiner's findings in favor of its own and in revoking conditional release on that basis. See Mabrey, 858 So.2d at 1183; Tedder, 842 So.2d at 1025. Given this record, we conclude, as we did in Tedder, 842 So.2d at 1026, that the circuit court departed from the essential requirements of law when it denied Petitioner's petition seeking reinstatement to conditional release status. Where the circuit court limits its consideration to the sufficiency of the evidence to support the Commission's action revoking conditional release, rather than inquires as to whether the hearing examiner's contrary finding was supported by CSE, the correct law is not followed. See Mabrey, 858 So.2d at 1183. We grant the petition for writ of certiorari and quash the circuit court's order. Because the record indicates that but for the Commission's actions, Petitioner's conditional release term would have expired, on remand, we direct the circuit court to expedite its reconsideration of the petition for writ of habeas corpus. See Tedder, 842 So.2d at 1026.
The petition is GRANTED, the circuit court's order is QUASHED, and the cause is REMANDED with instructions.
ALLEN, PADOVANO and BROWNING, JJ., concur.