LEWIS, J.,
dissenting.
The majority holds that the requirement of section 948.06(5), Florida Statutes (2011), that a defendant must prove inability to pay restitution by clear and convincing evidence to avoid revocation of probation is unjustifiably onerous and unconstitutional. I dissent.
The majority has failed to demonstrate that section 948.06(5) is unconstitutional, and has incorrectly elevated the due process rights inherent in a revocation proceeding. The loss of liberty inherent in the revocation of probation requires probationers to be accorded due process, but the revocation proceeding is not a criminal trial. See Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Florida law is clear that a probation revocation hearing is more informal than a criminal trial, and the burden of proof is lessened because only the conscience of the court need be satisfied. See Cuciak v. State, 410 So.2d 916, 918 (Fla.1982). The State is only required to demonstrate by a preponderance of the evidence that the probationer committed a particular offense that justifies probation revocation. See Miller v. State, 661 So.2d 353, 354 (Fla. 4th DCA 1995). Furthermore, hearsay evidence is admissible at probation revocation hearings, see Sylvis v. State, 916 So.2d 915 (Fla. 5th DCA 2005), and this Court has even held that the right to confront witnesses prescribed by the United States Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), does not apply to probation revocation proceedings, see Peters v. State, 984 So.2d 1227, 1234 (Fla.2008). Florida courts have also held that the State has the right to call the defendant as a witness to testify about noncriminal matters in probation revocation proceedings. See Perry v. State, 778 So.2d 1072, 1073 (Fla. 5th DCA 2001). To revoke probation, a court must only conclude and determine that a substantial violation of the terms of probation occurred. See Wheeler v. State, 344 So.2d 630, 632 (Fla. 2d DCA 1977). Requiring the probationer to establish inability to pay by clear and convincing evidence is therefore not inconsistent with this Court’s recognition that the constitutional protections provided in probation revocation hearings are less than those in criminal proceedings.
The majority also disregards the fact that a probation revocation hearing is not the first time a defendant is afforded an opportunity to contest the restitution order and present evidence with regard to his or her ability to satisfy its financial demands. At the initial restitution hearing, a trial court is required to award restitution to a victim for damage or loss indirectly or directly caused by the defendant’s offense and for damage or loss that relates to the defendant’s criminal episode unless it finds clear and compelling reasons not to do so. See § 775.089, Fla. Stat. (2011). In the trial court’s determination, it must consider the amount of the loss sustained by the victim, see id. § 775.089(6)(a), and the *1020 State bears the burden of demonstrating, by a preponderance of the evidence, the amount of damage or loss sustained by the victim, see id. § 775.089(7). A defendant has the ability to defeat the imposition of a restitution order, or the amount, if he or she successfully contests the validity of any damage or loss allegedly caused to a victim by the defendant’s crime. See Fresneda v. State, 347 So.2d 1021, 1022 (Fla.1977) (stating that before a trial court may order restitution, the trial court “should give the defendant notice of the proposed restitution order and allow the defendant the opportunity to be heard as to the amount of damage or loss ‘caused by his offense.’ ”). If the trial court awards restitution, the defendant may then appeal that order and contest the validity of the order. See Schuette v. State, 822 So.2d 1275, 1278-84 (Fla.2002); Glaubius v. State, 688 So.2d 913, 914-16 (Fla.1997). On appeal, if the defendant establishes that the amount of restitution is not supported by competent, substantial evidence, that restitution order may be reversed. See Glaubius, 688 So.2d at 916 (holding that evidence -with regard to the amount of restitution awarded to the victim “must be established through more than mere speculation; it must be based on competent evidence”).
Next, a final restitution order is enforceable by the State or victim in the same manner as a judgment in a civil action. See § 775.089(5); see also Sims v. State, 637 So.2d 21, 23 (Fla. 4th DCA 1994). During such an enforcement proceeding, the trial court considers the ability of the defendant to pay through an examination of “the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his or her dependents, and such other factors which it deems appropriate.” § 775.089(6)(b). At this stage, a defendant can stop the enforcement of a restitution order if he or she can establish, by a preponderance of the evidence, an inability to satisfy the financial demands of that order. See id. § 775.089(5)-(6); see also Banks v. State, 732 So.2d 1065, 1070 (Fla.1999) (“Section 775.089(6), Florida Statutes (1995), provides that ability to pay shall be considered at the time of enforcement of a restitution order — not at the time when the court is weighing the respective needs.”).
Therefore, since the Legislature amended section 775.089(6) in 1995, it is clear that during any civil enforcement proceeding a defendant may establish an inability to pay. During such an enforcement proceeding, a defendant has the opportunity to contest a restitution award based on an alleged inability to pay. See State v. Shields, 31 So.3d 281, 282 (Fla. 2d DCA 2010) (“Further, Mr. Shields’ ability to pay the amounts ordered is a factor to be considered at the time of enforcement, not at imposition.”); Owens v. State, 679 So.2d 44, 45 (Fla. 1st DCA 1996). If a trial court finds that a defendant has the ability to pay in an enforcement proceeding and enforces the restitution as a civil judgment, that defendant may again contest the propriety of that order on appeal. Cf. Merrill Lynch Trust Co. v. Alzheimer’s Lifeliners Ass’n, Inc., 832 So.2d 948, 951 (Fla. 2d DCA 2002) (concerning the appeal of a trial court’s decision with regard to a petition to enforce a civil judgment under Florida Rule of Civil Procedure 1.570).
Lastly, when a defendant is placed on probation by a trial court, the trial court is required to condition that probation on compliance with any restitution order issued pursuant to section 775.089. See § 948.032, Fla. Stat. (2011). If a defendant does not comply with that restitution order, the trial court may revoke probation. See id. In a revocation proceeding, a trial court shall consider the earning *1021 capacity and ability to pay of the defendant. See id. If the State proves a willful violation of the restitution order by the defendant, the burden shifts to the defendant to prove inability to pay by clear and convincing evidence if he or she is to avoid revocation. See id. § 948.06(5).
The holding of the majority that this clear and convincing burden is unconstitutional is a dubious and obtuse proposition, especially given the extensive due process provided by the aforementioned statutory framework a trial court must follow when it imposes restitution, enforces it, and revokes probation based on the failure to adhere to it. Only when a trial court has placed a defendant on probation, and that defendant faces revocation due to an alleged failure to adhere to a restitution order, will that defendant endure the burden of a clear and convincing standard to establish an inability to pay. See §§ 948.032, .06.
Therefore, because a defendant has had an opportunity to contest the amount of a restitution award before its imposition, and to contest that imposition on appeal, as well as to defeat enforcement of restitution by proving an inability to pay at a lower standard of preponderance of the evidence during an appealable civil enforcement proceeding, the clear and convincing burden placed on a defendant during a revocation proceeding is not unduly burdensome and is constitutional. This burden, especially given the defendant’s prior opportunities to contest restitution before a revocation of probation proceeding is commenced, is in accord with the purpose of criminal restitution, which is to “compensate the victim” and to further the “rehabilitative, deterrent, and retributive goals of the criminal justice system.” Kirby v. State, 863 So.2d 238, 242 (Fla.2003).
Moreover, by placing the burden of presenting clear and convincing evidence on the probationer to prove inability to pay, the Legislature acted in accord with its constitutional power to create an affirmative defense, which includes the ability to place on a defendant a clear and convincing burden when attempting to prove that defense. See § 775.027, Fla. Stat. (2011) (“The defendant has the burden of proving the defense of insanity by clear and convincing evidence.”); § 826.02, Fla. Stat. (2011) (providing statutory affirmative defenses to the crime of bigamy).
The burden-shifting aspect of this troubling case has also produced dissension among the district courts as to which party should go forward with the burden of proving inability to pay. Although Bearden v. Georgia, 461 U.S. 660, 664, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and Stephens v. State, 630 So.2d 1090 (Fla.1994), both require the court to inquire into a probationer’s reasons for failing to pay, both decisions are silent with regard to which party has the burden to prove inability to pay, and the burden that such a party carries. As a result, the Second, Fourth, and Fifth Districts have all implicitly held that the burden is on the State to prove inability to pay in probation revocation hearings, but none have held that section 948.06(5) is unconstitutional. See Shepard v. State, 939 So.2d 311, 314 (Fla. 4th DCA 2006) (“Despite the language of the statute, where the violation alleged is a failure to pay costs or restitution, there must be evidence and a finding that the probationer had the ability to pay.”) (citing Warren v. State, 924 So.2d 979, 980-81 (Fla. 2d DCA 2006)); Blackwelder v. State, 902 So.2d 905, 907 n. 1 (Fla. 2d DCA 2005) (“[S]eetion 948.06(5), despite its plain language, cannot relieve the State of its burden to prove that the violation was willful by proving the probationer’s ability to pay.”) (citing Osta v. State, 880 So.2d 804, 807 (Fla. 5th DCA 2004)); Osta v. State, 880 *1022 So.2d 804, 807 (Fla. 5th DCA 2004) (“Although a plain reading of the statute appears to place the burden of proving ability to pay restitution on the probationer, our courts have held that in order to revoke probation for failure to pay restitution the burden is on the State to prove the ‘willfulness’ of the violation, and in order to prove ‘willfulness’ the State must provide evidence that the probationer has the ability to pay restitution but willfully refuses to do so.”) (citing Stephens, 630 So.2d at 1090; Hartzog v. State, 816 So.2d 774 (Fla. 2d DCA 2002)).
Section 948.06(5), however, expresses with indisputable clarity the Legislature’s intent to shift the burden of proving inability to pay by clear and convincing evidence to a defendant who asserts such a claim. This burden-shifting element of section 948.06(5) is clear and unambiguous and does not require judicial construction. See State v. Jett, 626 So.2d 691, 693 (Fla.1993) (“It is a settled rule of statutory construction that unambiguous language is not subject to judicial construction, however wise it may seem to alter the plain language.”). Absent any inconsistencies with the Florida or United States Constitutions, this Court must defer to the Legislature’s clear intention to shift the burden of proving inability to pay by clear and convincing evidence in a probation revocation proceeding to the probationer. Further, because the Second, Fourth, and Fifth Districts did not hold section 948.06(5) to be unconstitutional, they should not supersede the Legislature’s indisputably clear intent and the clear language of the statute to place the burden of proving inability to pay by clear and convincing evidence on a probationer. The burden with regard to inability to pay set forth in section 948.06(5) is therefore constitutionally sound and the statute must be applied as written. In essence, the approach followed by the First District Court of Appeal in Martin v. State, 937 So.2d 714 (Fla. 1st DCA 2006), provides the proper constitutional and statutory structure.[12]
Conclusion
In accordance with the analysis above, I would hold that before a probationer can be imprisoned for failure to pay restitution or costs of supervision, the State must provide evidence that the failure to pay was willful. The burden then shifts to the probationer to establish inability to pay by clear and convincing evidence. The trial court must make a finding that a willful violation has occurred. Accordingly, I would (1) quash the decision of the Third District below; (2) disapprove all Third District decisions to the extent they allow a probationer to have his or her probation revoked absent an inquiry into ability to pay or a specific finding of willfulness; (3) disapprove all Second, Fourth, and Fifth District decisions to the extent they disregard the burden-shifting required under section 948.06(5); and (4) approve the approach of the First District in Martin.
I dissent.
POLSTON, J., concurs.

. Although I may agree with Chief Justice Canady's dissent that a harmless error analysis should apply, I cannot agree with him that the failure of the defendant to present any evidence causes harmless error. Further, the facts in this case do not support finding harmless error because the colloquy indicates that the defendant stated that he had no job.