IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSE NEREY,

        Petitioner,

v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

        Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4195

Opinion filed April 9, 2015.

Petition for Writ of Certiorari-Original Proceeding.

Jose Nerey, pro se, Petitioner.

Sarah J. Rumph, General Counsel, for Respondent.

MARSTILLER, J.

      Via petition for writ of certiorari, Jose Nerey asks this court to quash a lower court order denying his petition for writ of mandamus to require the Florida Commission on Offender Review ("Commission") to correct the date set for his initial parole interview. For the reasons that follow, we deny the petition.

In 1990, Nerey was sentenced to life in prison and two 15-year prison terms for first-degree murder with a firearm, attempted robbery with a firearm, and display of a firearm during the commission of a felony, respectively, with 226 days' credit. The life sentence and the 15-year sentence for attempted robbery were imposed consecutively. Initially, these two sentences included mandatory minimum terms of 25 years and three years, respectively, also to run consecutively. However, in 2006, on Nerey's rule 3.800(a) Motion to Correct Illegal Sentence, the sentencing court ordered the mandatory minimum terms to run concurrently.

Pursuant to section 947.16(2)(g)3., Florida Statutes, the Commission scheduled Nerey's initial parole interview date for May 2017, six months prior to the November 2017 expiration of the consecutively-imposed 28-year total mandatory minimum sentences. The Commission did not recalculate the interview date, however, when the sentencing court reimposed the mandatory minimum terms to run concurrently. In his mandamus petition, Nerey asserted that the now concurrent mandatory minimum terms reduced the total period from 28 years to 25 years, and thus the Commission is required to move up his initial parole interview date accordingly. The circuit court disagreed and denied the petition.

Our review of the circuit court's decision in this instance is limited to determining "'whether the circuit court afforded due process and whether the court observed the essential requirements of law.'" *Richardson v. Fla. Parole Comm'n*, 924 So. 2d 908, 910 (Fla. 1st DCA 2006) (quoting *Sheley v. Fla. Parole Comm'n*,

2

703 So. 2d 1202, 1206 (Fla. 1st DCA 1997)). Due process is not at issue here; therefore, we need only determine if the lower court observed the essential requirements of the pertinent law.

The statutory provision governing the setting of initial parole interviews provides: "For purposes of determining eligibility for parole interview and release . . . [e]ach mandatory minimum portion of consecutive sentences shall be served consecutively[.]" § 947.16(2)(g), Fla. Stat. (2012). This language could not be more clear and unambiguous. The mandatory minimum portions of consecutive sentences run consecutively for purposes of setting an inmate's initial parole interview date. The Commission complied with this statutory directive when setting Nerey's interview date. We find nothing in section 947.16 providing for an alternative calculation method when a sentencing court has imposed consecutive sentences but concurrent mandatory minimum terms, and we will not read such an alternative into this unambiguous provision. In light of the clear language of section 947.16(2), the circuit court correctly denied Nerey's petition for writ of mandamus, and we, in turn, deny his petition for writ of certiorari on the merits.

DENIED.

RAY and SWANSON, JJ., CONCUR.