WIGGINTON, Judge.
Morris appeals the commission’s action in determining his presumptive parole release date. We affirm.
Following Morris’ initial conviction on two grand larceny counts, his probation and revocation thereof resulting from his guilty plea to additional counts of second degree grand larceny, the commission set a new presumptive date for release. Morris urged two grounds for further review which the commission promptly explained and corrected in that process. Morris would now have this Court strike the aggravating factors due to the commission’s initial error, but despite the commission having taken timely action to cure the defects.
The commission must be permitted to correct its errors and oversights in an orderly manner pursuant to administrative procedures. The corrections were made pri- or to Morris seeking this Court’s review of the commission’s action to correct its acknowledged error. Zygadlo v. Florida Parole and Probation Commission, 414 So.2d 600 (Fla. 1st DCA 1982).
The issues that may be raised on appeal from the commission’s setting of a presumptive parole release date are limited to those issues presented to the commission. Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981). Morris, not having met this requirement, will not be permitted to present them for our initial review.
SHAW and JOANOS, JJ., concur.