911 So.2d 831 (2005)
Derrick ELLIS, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D04-4408.
District Court of Appeal of Florida, First District.
August 31, 2005.
Rehearing Denied September 27, 2005.
*832 Derrick Ellis, pro se, petitioner.
Kim M. Fluharty, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for respondent.
WOLF, J.
Derrick Ellis, petitioner, seeks to quash an order of the circuit court approving the Florida Parole Commission's (FPC) revocation of his conditional release. One of the petitioner's contentions is that the order of the FPC wrongfully disregarded findings of the hearing examiner which were based on competent substantial evidence. We find that the circuit court departed from the essential requirements of law by rejecting the petitioner's contention. We, therefore, grant the petition and quash the order of the circuit court.
The petitioner was released from prison and put on conditional release on November 1, 2000. Prior to March 19, 2003, there were no allegations that the petitioner had violated his conditional release. At that time the petitioner was charged with two violations relating to leaving Hillsborough County, his home county, and going to Pinellas County without permission. He was alleged to have been in Pinellas County between 9:32 a.m. and 1:20 p.m. The petitioner testified that he had agreed to help on a landscaping job, and he did not realize this project was in Pinellas County until they started going over the bridge from Hillsborough County. Immediately after completing the job, the petitioner returned to Hillsborough County. Mark Humphrey of Mark's Landscaping, who hired the petitioner, confirmed the petitioner's story. No contradictory testimony was presented.
The hearing examiner found the petitioner guilty of both violations, but specifically stated as part of the disposition recommendation, "[T]his examiner does not feel that releasee willfully violated the terms and conditions of his supervision and therefore is recommending that the releasee be reinstated to supervision." FPC rejected this finding and recommendation and revoked petitioner's conditional release.
The respondent, FPC, argues that it had a right to reject this recommendation because it constituted a conclusion of law rather than a factual determination. We reject that proposition.
In order to establish a violation it must be proven that the releasee willfully *833 violated a substantial condition of release. See Mabrey v. Fla. Parole Comm'n, 891 So.2d 1164, 1166-67 (Fla. 2d DCA 2005). The determination of willfulness involves a factual determination. Cf. Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). The FPC may not reject a factual finding of the hearing officer unless it reviews the entire record and states its determination that the finding is not based on competent substantial evidence. See Tedder v. Fla. Parole Comm'n, 842 So.2d 1022, 1025-26 (Fla. 1st DCA 2003). As in Tedder, the hearing officer's determination that the violation was not willful is supported by competent substantial evidence. Thus, the finding of a violation cannot stand. We, therefore, conclude that the circuit court departed from the essential requirements of law, grant the petition and quash the order.
BENTON, J., concurs; ALLEN, J., dissents with opinion.
ALLEN, J., dissenting.
The majority concludes that the circuit court departed from the essential requirements of law by rejecting the petitioner's contention that the FPC was required to accept the parole examiner's finding that the petitioner's violations were not willful. Although the circuit court might well have found merit in this argument had it been presented in the petition filed in the circuit court, in fact, no such argument was advanced in the circuit court. We are therefore precluded from now considering the argument for the first time. See, e.g., Morris v. Florida Parole and Probation Commission, 423 So.2d 491 (Fla. 1st DCA 1982). For this reason, I respectfully dissent.