944 So.2d 1182 (2006)
James A. MATHIS, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-1135.
District Court of Appeal of Florida, First District.
December 15, 2006.
*1183 James A. Mathis, pro se, Petitioner.
Susan Schwartz, Assistant General Counsel, Tallahassee, for Respondent.
BROWNING, C.J.
Petitioner seeks certiorari review of the denial of his habeas petition under Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), aff'd, 720 So.2d 216 (Fla.1998). Because it is not clear that the law was followed, we grant the petition, quash the order below, and remand for proceedings consistent with this opinion.
Petitioner was sentenced to life imprisonment, and released on parole in 1998. In 2004, he was arrested for trespass, to which he pled nolo contendere. As a result, he was charged with violating his parole by committing a new law offense and by changing his residence without first obtaining permission from his parole officer. Petitioner defended his parole revocation by presenting evidence that he absented himself from his residence and spent one night only on posted public property because his life was in danger. The hearing officer entered a recommended order providing that Petitioner be reinstated to parole. The record is silent as to whether or not the hearing officer based his recommendation on a determination that the violation was not willful, or whether he was merely making a policy recommendation to the Parole Commission. Nonetheless, the Parole Commission revoked Petitioner's parole. Petitioner sought habeas relief, which was denied by the trial court on the reasoning that he had not shown that the Parole Commission abused its discretion or denied him due process of law.
On review of the petition for certiorari, this Court must determine "whether the circuit court afforded due process and whether the court observed the essential requirements of law." Richardson v. Fla. Parole Comm'n, 924 So.2d 908, 910 (Fla. 1st DCA 2006) (citations omitted). Only a willful violation of a substantial condition of parole or probation will justify revocation of parole or probation. See Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). These findings are factual in nature. See Ellis v. Fla. Parole Comm'n, 911 So.2d 831, 832 (Fla. 1st DCA 2005). Therefore, they must be made by the hearing officer. Accordingly, when reviewing parole revocation proceedings, the circuit court must determine whether the record contains competent substantial evidence to support the factual findings of the hearing officer. See Richardson, 924 So.2d at 911.
Because it is not clear from either the hearing officer's records or the Parole Commission's order of revocation of parole whether Petitioner's violations of probation were found to be willful, the trial court could not have reviewed the proceedings here and determined that they were supported by competent substantial evidence in the record. Because the trial court could not apply the correct law, it could not have observed the essential requirements of law. Accordingly, we GRANT the certiorari petition, QUASH the trial court's order denying the petition for habeas corpus, and REMAND with instructions that the trial court quash the Parole Commission's order of revocation, and that the proceedings be remanded for a factual determination by the hearing officer of whether Petitioner's violations were willful.
KAHN and DAVIS, JJ., concur.