949 So.2d 1180 (2007)
Charles WILLIAMS, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-3438.
District Court of Appeal of Florida, First District.
March 2, 2007.
Charles Williams, pro se, Petitioner.
Kim Fluharty, General Counsel, Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee; Bill McCollum, Attorney General, Tallahassee, Attorneys for Respondent.
THOMAS, J.
Petitioner seeks certiorari review of the denial of his habeas petition under Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998). Because the facts of this case are substantially similar to Mathis v. Florida Parole Commission, 944 So.2d 1182 (Fla. 1st DCA 2006), we must reverse.
Petitioner is currently serving a combined prison sentence totaling 77 years. He was released from prison to parole supervision on October 16, 2002. On August 13, 2004, the Parole Commission issued a warrant for Petitioner's arrest, alleging that Petitioner violated condition 2(a) of his parole, which required him to obtain permission from his parole officer before changing his residence. Petitioner argued against his revocation on the grounds that he did not consider his nine-day stay away from his residence as a "change of residence," therefore, he had no reason or duty to contact his parole officer. Petitioner's clothes, papers, pictures, and personal belongs were still in his house; he testified that he merely needed to get "away" from domestic problems with his wife, and stayed a few nights each at a residential treatment facility he was familiar with, a friend, and after a failed suicide attempt, at a mental health facility. Upon his return, he learned that his parole officer had been looking for him, and he turned himself in.
Although the hearing officer found Petitioner guilty of the violation, he recommended that Petitioner be reinstated to *1181 parole because "the subject's three years of good adjustment on parole should not go unnoticed." Nonetheless, the Parole Commission revoked Petitioner's parole. Petitioner sought habeas relief, which the circuit court denied.
Because this review is requested by petition for writ of certiorari, the material issue is whether the trial court departed from the essential requirements of law or denied Petitioner due process. Sheley, 720 So.2d 216 (Fla.1998). In Mathis, this court succinctly pointed out the proper standard of review in revocation proceedings:
Only a willful violation of a substantial condition of parole or probation will justify revocation of parole or probation. These findings are factual in nature. Therefore, they must be made by the hearing officer. Accordingly, when reviewing parole revocation proceedings, the circuit court must determine whether the record contains competent substantial evidence to support the factual findings of the hearing officer.
Mathis, 944 So.2d at 1183 (internal citations omitted). It is clear from this language that the hearing officer must make enough factual findings in his recommendation to allow the Parole Commission and the lower court to determine whether the violation was "willful." Otherwise, "[t]he record is silent as to whether or not the hearing officer based his recommendation on a determination that the violation was not willful, or whether he was merely making a policy recommendation to the Parole Commission." Id.
The Parole Commission argues that Petitioner's violation was willful on two grounds; first, because Petitioner purposely stayed away from his residence for nine days, and secondly, because Petitioner failed to meet with his Parole Officer upon request. Regardless, there is no finding of willfulness in either the hearing officer's report or the Parole Commission's order of revocation. Therefore,
the trial court could not have reviewed the proceedings here and determined that they were supported by competent substantial evidence in the record. Because the trial court could not apply the correct law, it could not have observed the essential requirements of law.
Id. Because it is the role of the hearing officer to determine whether the violation was willful, we express no view on that issue.
Accordingly, we GRANT the certiorari petition, QUASH the trial court's order denying the petition for habeas corpus, and REMAND with instructions that the trial court remand the proceedings to the hearing officer so that a factual determination can be made as to whether Petitioner's violation of condition 2(a) of his parole was willful.
BARFIELD and VAN NORTWICK, JJ., concur.