949 So.2d 1181 (2007)
Wilson CROSBY, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-2743.
District Court of Appeal of Florida, First District.
March 2, 2007.
Wilson Crosby, pro se, Petitioner.
Kim M. Fluharty, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Petitioner seeks certiorari review of the denial of a petition for writ of mandamus which challenged the Florida Parole Commission's decision to revoke his conditional release supervision. Review is sought pursuant to Sheley v. Florida Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998) (holding that at this stage of the proceedings, review is limited to a determination of whether the circuit court afforded due process and whether the court observed the essential requirements of law). We grant the petition.
To support a revocation of supervised release, the state must prove that a violation of a condition of supervision was both willful and substantial. See State v. Carter, 835 So.2d 259, 262 (Fla.2002); Ellis v. Fla. Parole Comm'n, 911 So.2d 831 (Fla. 1st DCA 2005). In addition, the finder of fact must make a determination that the violation was both willful and substantial. See Mathis v. Fla. Parole Comm'n, 944 So.2d 1182 (Fla. 1st DCA 2006). Here, although the hearing examiner found petitioner guilty of failing to report to the probation office as instructed, it was not clear from either the hearing examiner's records or the Parole Commission's order of revocation whether the violation was found to be willful. Accordingly, the circuit court could not have reviewed the *1183 proceedings and determined that they were supported by competent substantial evidence in the record and, because the circuit court could not apply the correct law, it could not have observed the essential requirements of law. Id.
Petitioner also challenges the imposition of a lien on his inmate trust account for payment of court costs and fees. Because the underlying action constitutes a "collateral criminal proceeding" pursuant to section 57.085(10), Florida Statutes (2005), there is no statutory authority for the circuit court to impose a lien to recover costs and fees. See Brooks v. Fla. Parole Comm'n, 948 So.2d 801 (Fla. 1st DCA 2006); Spaziano v. Fla. Parole Comm'n, ___ So.2d ___, 2006 WL 1565289 (Fla. 1st DCA 2006); Cox v. Crosby, 31 Fla. L. Weekly D310, ___ So.2d ___, 2006 WL 176681 (Fla. 1st DCA Jan. 26, 2006), rev. granted sub nom., McDonough v. Cox, 924 So.2d 809 (Fla.2006); see also Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). We accordingly quash that portion of the circuit court's order on indigency imposing a lien as a result of petitioner's filing the petition for writ of mandamus. The circuit court should direct the reimbursement of any funds that have been withdrawn from petitioner's account to satisfy the improper lien order.
The petition for writ of certiorari is GRANTED and the final order of the circuit court is quashed. In addition, that portion of the circuit court's order on indigency imposing a lien is quashed. This cause is hereby REMANDED.
BROWNING, C.J., WEBSTER and PADOVANO, JJ., concur.