953 So.2d 692 (2007)
James HOUCK, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-4277.
District Court of Appeal of Florida, First District.
April 4, 2007.
James Houck, pro se, Petitioner.
Kim M. Fluharty, General Counsel, and Connie L. Beach, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Petitioner seeks certiorari review of the denial of a petition for writ of mandamus which challenged the Florida Parole Commission's decision to revoke his conditional release supervision. Review is sought pursuant to Sheley v. Florida Parole Comm'n, 720 So.2d 216 (Fla.1998) (holding that at this stage of the proceedings, review is limited to a determination of whether the circuit court afforded due process and whether the court observed the essential requirements of law). We grant the petition.
To support a revocation of supervised release, the state must prove that a violation of a condition of supervision was both willful and substantial. See State v. Carter, 835 So.2d 259, 262 (Fla.2002); Ellis v. Fla. Parole Comm'n, 911 So.2d 831 (Fla. 1st DCA 2005). In addition, the finder of fact must make a determination that the violation was both willful and substantial. See Mathis v. Fla. Parole Comm'n, 944 So.2d 1182 (Fla. 1st DCA 2006). Here, although the hearing examiner found petitioner guilty of a curfew violation, it was not clear from either the hearing examiner's records or the Parole Commission's order of revocation whether the violation was found to be willful. Accordingly, the circuit court could not have reviewed the proceedings and determined that they were supported by competent substantial evidence in the record and, because the circuit court could not apply the correct law, it could not have observed the essential requirements of law. Id.; Williams v. Fla. Parole Comm'n, 949 So.2d 1180 (Fla. 1st DCA 2007); Crosby v. Fla. Parole Comm'n, 949 So.2d 1181 (Fla. 1st DCA 2007).
The petition for writ of certiorari is GRANTED and the final order of the circuit court is quashed. This cause is hereby REMANDED.
BARFIELD, WOLF, and VAN NORTWICK, JJ., concur.