958 So.2d 1109 (2007)
Robert JOHNSON, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-5291.
District Court of Appeal of Florida, First District.
June 21, 2007.
Robert Johnson, pro se, Petitioner.
Kim M. Fluharty, General Counsel, and Connie Lynn Beach, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Petitioner seeks certiorari review of the denial of a petition for writ of habeas corpus under Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998). Because the facts of this case are substantially similar to Mathis v. Florida Parole Commission, 944 So.2d 1182 (Fla. 1st DCA 2006), we grant the petition for writ of certiorari.
Petitioner was placed on conditional release supervision until May 3, 2007. The Department of Corrections issued a violation report asserting that petitioner violated a condition of supervision on May 18, 2006, when he attempted to remove a satellite radio from his employer's place of business. Petitioner admitted to the violation stating that he took the radio because he was in desperate need of money. Although petitioner was found guilty of the violation, the hearing examiner cited petitioner's two-year record of no violations and recommended that petitioner be reinstated to supervision with six months of community control and GPS monitoring. Nonetheless, the Parole Commission revoked petitioner's conditional release.
Neither the hearing examiner's disposition recommendation nor the Parole Commission's *1110 revocation order contained a finding that petitioner's action constituted a willful violation of a substantial condition of conditional release supervision. In Mathis, this court held that absent such a finding, the circuit court could not have reviewed the proceedings and determined that they were supported by competent substantial evidence and, because the circuit court did not apply the correct law, it could not have observed the essential requirements of the law. Accord Houck v. Fla. Parole Comm'n, 953 So.2d 692 (Fla. 1st DCA 2007); Williams v. Fla. Parole Comm'n, 949 So.2d 1180 (Fla. 1st DCA 2007); Crosby v. Fla. Parole Comm'n, 949 So.2d 1181 (Fla. 1st DCA 2007). Accordingly, we grant the petition, quash the circuit court's order and remand for further proceedings.
PETITION GRANTED.
KAHN, LEWIS, and HAWKES, JJ., concur.