LAWRENCE, JR., L. ARTHUR, Senior Judge.
After Petitioner’s probation was revoked, he filed a petition for writ of habeas corpus, alleging that the Florida Parole Commission (Commission) violated the ex post facto clause by placing him on community control as a condition of probation. The petition was denied, and Petitioner seeks certiorari review of that ruling. We deny the certiorari petition in part, without comment except to note that the circuit *190 court did not err in treating the petition filed below as one for mandamus relief, and grant the certiorari petition as to liens imposed by the circuit court.
Petitioner’s challenge to his revocation of parole constitutes a collateral criminal proceeding. See Crosby v. Fla. Parole Comm’n, 949 So.2d 1181, 1183 (Fla. 1st DCA 2007). Therefore, his indigency determinations were to be made under section 57.081, Florida Statutes, rather than section 57.085, Florida Statutes. See Wagner v. McDonough, 927 So.2d 216 (Fla. 1st DCA 2006). Because section 57.081 does not contain the language authorizing imposition of a lien, no lien should have been imposed here. See Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005).
Accordingly, we DENY the petition in part, GRANT it in part, QUASH both lien orders, and REMAND with directions that the circuit court order the Department of Corrections to dissolve both liens and direct reimbursement of any monies already removed from Petitioner’s account towards payment of either lien.
DAVIS and POLSTON, JJ., concur.