975 So.2d 1222 (2008)
Wilson CROSBY, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D07-2846.
District Court of Appeal of Florida, First District.
March 10, 2008.
Wilson Crosby, pro se, Petitioner.
*1223 Kim Fluharty, General Counsel, and Sarah J. Rumpf, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Wilson Crosby seeks review of an order of the circuit court denying his petition for writ of mandamus, in which he challenged the revocation of his conditional release supervision. Our scope of review is limited to determining whether the circuit court afforded procedural due process and whether it observed the essential requirements of law. See Sheley v. Fla. Parole Comm'n, 703 So.2d 1202, 1206 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). We conclude that under the circumstances of this case, procedural due process was not afforded by the circuit court.
In a prior proceeding addressing the circuit court's initial order denying relief, we concluded that because it was not clear from the hearing examiner's records or the Parole Commission's revocation order whether the violation was found to be willful, the circuit court could not have reviewed the matter in accordance with the essential requirements of law. See Crosby v. Fla. Parole Comm'n, 949 So.2d 1181 (Fla. 1st DCA 2007). Accordingly, the circuit court's order was quashed, the matter was remanded, and the circuit court in turn remanded the matter to the Parole Commission to determine whether Crosby's violation was willful and substantial. Based on a review of the record of the original revocation hearing, the hearing examiner concluded that the violation was willful and substantial, and the Parole Commission thereafter issued an order adopting that finding. Shortly thereafter, the circuit court entered the order for which review is now sought, concluding that in light of the finding of the examiner and the Parole Commission's adoption thereof, petitioner was not entitled to relief from the revocation order.
Crosby now argues that his due process rights were violated when the circuit court failed to allow him an opportunity to be heard before again denying relief, and we agree. Procedural due process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue, and requires fair notice and a real opportunity to be heard at a meaningful time and in a meaningful manner. See Keys Citizens for Responsible Government, Inc. v. Florida Keys Aqueduct Authority, 795 So.2d 940 (Fla.2001). The specific parameters of the notice and the opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding. See Gilbert v. Homar, 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997). As noted by this court in its initial opinion, the record at that point was devoid of any finding that petitioner's violation was willful and substantial. Such a finding was not made until the matter was remanded to the Commission, and under these circumstances, due process requires that petitioner be given the opportunity to address the newly made finding before the issue is resolved on the merits. Doing so will allow the circuit court to address in the first instance Crosby's claims that the Parole Commission erred by not conducting a supplemental revocation hearing, and that the findings of willfulness and substantiality are in any event without adequate evidentiary support.
Accordingly, the circuit court's order denying mandamus relief on remand is QUASHED, and the matter is REMANDED *1224 for further proceedings consistent herewith.
PADOVANO, LEWIS, and THOMAS, JJ., concur.