977 So.2d 783 (2008)
Bernard WILLIAMS, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D07-4367.
District Court of Appeal of Florida, First District.
March 31, 2008.
*784 Bernard Williams, pro se, Petitioner.
Kim M. Fluharty, General Counsel, and Sarah J. Rumph, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Petitioner seeks review of a circuit court order which denied a petition for writ of mandamus challenging the revocation of his conditional release supervision. Our scope of review is limited to determining whether the circuit court afforded procedural due process and whether it observed the essential requirements of law. See Sheley v. Fla. Parole Comm'n, 720 So.2d 216 (Fla.1998). A ruling constitutes a departure from "the essential requirements of law" when it amounts to "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla.1983). When considering such a petition for writ of certiorari, this court has only two options  it may either deny the petition or grant it, and quash the order to which the petition is directed. It may not enter judgment on the merits, or direct the lower tribunal to enter any particular order. See Broward County v. G.B.V. lnt'l, Ltd., 787 So.2d 838, 843-44 (Fla.2001) (citing cases). Assessing the circuit court's order according to these rules, we conclude that the order constitutes a departure from the essential requirements of law, and that we are, therefore, obliged to quash it.
In a prior proceeding addressing the circuit court's initial order denying relief, we concluded that because (i) the evidence of a willful violation on the part of petitioner was tenuous at best, (ii) the parole examiner recommended reinstatement, and (iii) neither the parole examiner's report nor the Parole Commission's order contained a finding that petitioner's violation of his conditional release supervision constituted a willful violation of a substantial condition of the conditional release order, the circuit court could not have reviewed the matter in accordance with the essential requirements of law. See Williams v. Fla. Parole Comm'n, 954 So.2d 1271 (Fla. 1st DCA 2007). Accordingly, the final order was quashed and the matter was remanded to the circuit court, which, in turn, remanded the matter to the Parole Commission to determine whether petitioner's violation was willful and substantial.
Because the original parole examiner was no longer employed by the Parole Commission at the time of remand, a Parole Commission Regional Administrator reviewed the tape-recording of the final revocation hearing and concluded that the violation was willful and substantial. The Parole Commission then issued an order adopting that finding. Thereafter, the circuit court entered the order for which review is now sought, concluding that in light of the willfulness finding of the administrator and the Parole Commission's adoption thereof, petitioner was not entitled to relief from the revocation order.
Petitioner now-argues that his due process rights were violated when the willfulness finding was not made by the original *785 parole examiner or by a new parole examiner after another hearing. We agree. As noted by this court in its initial opinion, the record at that point was devoid of any finding that petitioner's violation was willful and substantial. Such a finding was not made until the matter was remanded to the Commission and the administrator listened to the tape-recording of the hearing. Generally, a successor fact-finder may not rule on matters based on the credibility of witnesses that he has not heard. Acker v. State, 823 So.2d 875, 876 (Fla. 2d DCA 2002) (holding that a successor judge who did not hear the witnesses or rule on their credibility could not sign a written order revoking probation); see also Fratello v. State, 950 So.2d 440, 441 (Fla. 4th DCA) (reversing order denying a rule 3.850 motion when successor judge did not preside at the evidentiary hearing and ruled based on a cold record), rev. den., 966 So.2d 968 (Fla.2007). Here, the administrator's finding of willfulness was based on the assessment of the credibility of witnesses he did not observe. This violated a clearly established principle of law resulting in a miscarriage of justice.
Accordingly, the circuit court's order denying mandamus relief on remand is QUASHED, and the matter is REMANDED for further proceedings consistent herewith.
BROWNING, C.J., VAN NORTWICK and ROBERTS, JJ., concur.