986 So.2d 632 (2008)
Keith R. HARRIS, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-5125.
District Court of Appeal of Florida, First District.
May 8, 2008.
Rehearing Denied July 25, 2008.
Keith R. Harris, pro se, Petitioner.
Kim Fluharty, General Counsel, and Sarah J. Rumph, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Keith R. Harris seeks certiorari review of the denial of his petition for writ of mandamus, which challenged the Florida Parole Commission's order revoking his parole supervision. Review is sought pursuant to Sheley v. Fla. Parole Comm'n, 720 So.2d 216 (Fla.1998) (holding that at this stage of the proceedings, review is limited to a determination of whether the circuit court afforded due process and whether it observed the essential requirements of law). We grant the petition.
Petitioner was found to have violated the terms of his supervision by using marijuana, as evidenced by a positive drug test, and by failing to timely report to the parole office as instructed. As the Parole Commission acknowledges, to support a revocation of supervised release, it must *633 be shown that a violation was both willful and substantial. See Ellis v. Fla. Parole Comm'n, 911 So.2d 831 (Fla. 1st DCA 2005). In addition, the finder of fact must make a determination that the violation was both willful and substantial. See Mathis v. Fla. Parole Comm'n, 944 So.2d 1182 (Fla. 1st DCA 2006). Here, neither the hearing examiner nor the Parole Commission made a finding that petitioner's violations were willful and substantial. Moreover, it is not apparent from the record whether petitioner's supervision would have been revoked if only one of the two alleged violations was found to be willful and substantial. Accordingly, we conclude that the circuit court could not have reviewed the proceeding and determined that they were supported by competent, substantial evidence in the record and, because the circuit court could not apply the correct law, it could not have observed the essential requirements of law. Id.; Johnson v. Fla. Parole Comm'n, 958 So.2d 1109 (Fla. 1st DCA 2007); Houck v. Fla. Parole Comm'n, 953 So.2d 692 (Fla. 1st DCA 2007); Williams v. Fla. Parole Comm'n, 949 So.2d 1180 (Fla. 1st DCA 2007); Crosby v. Fla. Parole Comm'n, 949 So.2d 1181 (Fla. 1st DCA 2007).
Accordingly, the order of the circuit court is quashed. Further, the circuit court's order imposing a lien is quashed, and the circuit court should direct the reimbursement of any funds that have been withdrawn from petitioner's account to satisfy the improper lien order. See Crosby v. Fla. Parole Comm'n, 949 So.2d 1181 (Fla. 1st DCA 2007). The matter is remanded to the circuit court for further proceedings consistent with this opinion.
BROWNING, C.J., KAHN and THOMAS, JJ., concur.