987 So.2d 186 (2008)
FLORIDA PAROLE COMMISSION, Petitioner,
v.
Billy FERGUSON, Respondent.
No. 1D08-1361.
District Court of Appeal of Florida, First District.
July 21, 2008.
*187 Sarah J. Rumph, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Petitioner.
Billy Ferguson, pro se, Respondent.
PER CURIAM.
In a petition for writ of certiorari, the Florida Parole Commission asserts that the lower court departed from the essential requirements of law in concluding that there was insufficient evidence to support a finding that respondent willfully violated a substantial condition of his conditional release supervision. The court correctly found that revocation was not proper where neither the hearing officer's records nor the Commission's order of revocation indicated that respondent's actions constituted a willful and substantial violation of his conditional release supervision. E.g., Crosby v. Fla. Parole Comm'n, 949 So.2d 1181, 1182-83 (Fla. 1st DCA 2007); Mathis v. Fla. Parole Comm'n, 944 So.2d 1182, 1183 (Fla. 1st DCA 2006). However, the court went on to find that there was insufficient evidence to make such a finding. In doing so, the court improperly reweighed conflicting evidence. By reweighing conflicting evidence, the circuit court applied the wrong standard of review which is tantamount to departing from the essential requirements of law. See Dep't of Highway Safety & Motor Vehicles v. Stenmark, 941 So.2d 1247, 1249 (Fla. 2d DCA 2006); Mabrey v. Fla. Parole Comm'n, 858 So.2d 1176, 1183 (Fla. 2d DCA 2003). Whether there was a willful violation of a substantial condition of supervision is a factual determination to be made by the hearing officer. Mathis, 944 So.2d at 1183. Therefore, the matter should be remanded for a factual determination by the hearing officer as to whether respondent's violations were willful and substantial. Id. Accordingly, we grant the petition, quash the lower court's order, and remand for further proceedings.
PETITION GRANTED.
WEBSTER, VAN NORTWICK, and THOMAS, JJ., concur.