PER CURIAM.
Petitioner seeks certiorari review of a circuit court order which rejected his challenge to the revocation of his conditional release supervision. We grant the petition.
In a petition for writ of habeas corpus filed in the circuit court, petitioner asserted that the Florida Parole Commission failed to make a finding that his violation of conditional release supervision was willful and substantial as required by Mathis v. Florida Parole Commission, 944 So.2d 1182 (Fla. 1st DCA 2006). FPC conceded that a willfulness finding had not been made and filed a motion for remand. The circuit court remanded the cause, however by that time, the original parole examiner was no longer employed by FPC. An FPC Regional Administrator examined the records of the original revocation hearing, including documents and a tape recording of the revocation hearing, and made a determination that the violation was willful and substantial. FPC adopted this finding. Thereafter, the circuit court concluded that in light of the willfulness finding of the administrator and FPC’s adoption thereof, petitioner was not entitled to relief from the revocation order.
Petitioner argues that his due process rights were violated when the willfulness finding was not made by the original parole examiner or by a new parole examiner after another hearing. We agree in light of Williams v. Florida Parole Commission, 977 So.2d 783 (Fla. 1st DCA 2008), which held that due process is violated when an FPC administrator’s finding of willfulness with regard to an alleged violation of supervision is based on an assessment of credibility of witnesses he did not observe.
FPC has asserted that petitioner’s claim is barred by the doctrine of laches, however, this argument was not made before the circuit court. Where the circuit court has made no factual findings concerning the equitable considerations inherent in resolving a laches claim, it would be inappropriate for this court to do so. See Bryant v. Fla. Parole Comm’n, 965 So.2d 825 (Fla. 1st DCA 2007); accord, Barrera v. Fla. Parole Comm’n, 987 So.2d 810 (Fla. 1st DCA 2008).
Accordingly, the circuit court’s order denying habeas corpus relief on remand is QUASHED, and the matter is REMANDED for further proceedings consistent herewith.
WOLF, LEWIS, and ROBERTS, JJ., concur.