28 So.3d 927 (2010)
Jimel COFER, Petitioner,
v.
STATE of Florida and Florida Parole Commission, Respondents.
No. 4D08-4555.
District Court of Appeal of Florida, Fourth District.
February 10, 2010.
Jimel Cofer, Okeechobee, pro se.
Anthony Andrews, Assistant General Counsel, Florida Parole Commission, Tallahassee, for respondent Florida Parole Commission.
PER CURIAM.
Jimel Cofer seeks certiorari review of the circuit court order denying his petition for writ of habeas corpus.[1] Cofer challenges the circuit court's order upholding the Florida Parole Commission's decision to revoke his conditional release supervision. *928 In this second-tier review of a circuit court order rendered by it in its appellate capacity, the scope of review is limited to "whether the circuit court afforded procedural due process and whether it observed the essential requirements of law." Crosby v. Fla. Parole Comm'n, 975 So.2d 1222, 1223 (Fla. 1st DCA 2008). This court, "[w]hen considering such a petition for writ of certiorari . . . may either deny the petition or grant it, and quash the order to which the petition is directed. It may not enter judgment on the merits, or direct the lower tribunal to enter any particular order." Williams v. Fla. Parole Comm'n, 977 So.2d 783, 784 (Fla. 1st DCA 2008). Because procedural due process was not afforded by the circuit court, we grant the petition and quash the circuit court's order.
Initially, the Commission revoked Cofer's supervision and returned him to prison despite the hearing officer's recommendation that the Commission should reinstate supervision. The circuit court, upon reviewing the Commission's decision, remanded the case because the hearing officer failed to make a factual determination that Cofer willfully violated a substantial condition of his supervision. In an order relinquishing jurisdiction, the circuit court ordered that the Commission conduct a new hearing. On remand, the hearing officer, without conducting a new hearing, submitted a memorandum finding that Cofer willfully violated a substantial condition of his supervision. The Commission adopted this finding, and the circuit court then denied the petition.
We agree with Cofer that the circuit court failed to afford procedural due process. Procedural due process requires that Cofer should have been given an opportunity to be heard after the hearing officer found that he willfully violated a substantial condition of his supervision. See Crosby, 975 So.2d at 1223-24.
In Crosby, the Commission's revocation of supervision was remanded because the hearing officer failed to make a finding that the petitioner willfully violated a substantial condition of his supervision. On remand, based on a review of the record of the original revocation hearing, the hearing examiner concluded that the violation was willful and substantial. The Commission agreed with this finding and revoked the petitioner's supervision. The circuit court upheld this determination. Thereafter, the First District quashed the circuit court's order and remanded for further proceedings, holding that "under these circumstances, due process requires that petitioner be given the opportunity to address the newly made finding before the issue is resolved on the merits." Crosby, 975 So.2d at 1223. It also held that the purpose of remand is to permit the circuit court to evaluate the petitioner's "claims that the Parole Commission erred by not conducting a supplemental revocation hearing, and that the findings of willfulness and substantiality are . . . without adequate evidentiary support." Id.
Similarly, in this case, following the relinquishment of jurisdiction and the newly-made finding, the circuit failed to afford Cofer an opportunity to be heard. Among other issues raised in this petition, Cofer argues that evidence of willfulness and substantiality was lacking and that he should have received a new hearing on remand. These arguments should be addressed by the circuit court.
Accordingly, we grant Cofer's petition for writ of certiorari, quash the circuit court's order, and remand for further proceedings consistent with this opinion.
Petition granted.
*929 WARNER and POLEN, JJ., concur.
HAZOURI, J., concurs specially with opinion.
HAZOURI, J., concurring specially.
I concur that Cofer was not afforded procedural due process, but I also have serious reservations that he willfully violated a substantial condition of his supervision. Although the sufficiency of the evidence to establish a willful violation of a substantial condition of supervision is not within the scope of our review in this second-tier posture, a review of the record raises serious doubts regarding whether Cofer violated the supervising officer's instructions in any significant way. See Harris v. Florida Parole Comm'n, 986 So.2d 632, 632-33 (Fla. 1st DCA) ("[T]o support a revocation of supervised release, it must be shown that a violation was both willful and substantial."), rev. denied, 996 So.2d 212 (Fla.2008).
On the day of the alleged violation that resulted in revocation, Cofer's supervising officer called him because his monitoring box was reading "unable to connect." She called his cell phone at 11:10 p.m. and identified herself. He grunted and hung up. She called back at 11:11 p.m., and he failed to answer. At 11:13 p.m., she called back and he answered. She instructed him to stay on the phone, to take the box out of its charging stand, and to walk the box outside. Cofer hung up. She called back at 11:14 p.m. and had him stay on the line for nine minutes as he "walked the box" outside. Cofer reported to the supervisor's office the next day as instructed.
It appears Cofer substantially complied with the supervising officer's instructions asking him to walk outside in order to determine whether the electronic monitor he was wearing was functioning properly. It was well documented, and the hearing officer found, that Cofer was repeatedly given defective monitoring equipment, which malfunctioned on numerous occasions. This, in my judgment, fails to rise to the level of a willful violation of a substantial condition of supervision.
NOTES
[1] Although Cofer's petition was filed as an appeal of his petition for habeas corpus, we treat it as a petition for writ of certiorari, as Cofer seeks second-tier review of a circuit court order rendered in its appellate capacity. See, e.g., Richardson v. Fla. Parole Comm'n, 924 So.2d 908 (Fla. 1st DCA 2006).