HAZOURI, J.,
concurring specially.
I concur that Cofer was not afforded procedural due process, but I also have serious reservations that he willfully violated a substantial condition of his supervision. Although the sufficiency of the evidence to establish a willful violation of a substantial condition of supervision is not within the scope of our review in this second-tier posture, a review of the record raises serious doubts regarding whether Cofer violated the supervising officer’s instructions in any significant way. See Harris v. Florida Parole Comm’n, 986 So.2d 632, 632-33 (Fla. 1st DCA) (“[T]o support a revocation of supervised release, it must be shown that a violation was both willful and substantial.”), rev. denied, 996 So.2d 212 (Fla.2008).
On the day of the alleged violation that resulted in revocation, Cofer’s supervising officer called him because his monitoring box was reading “unable to connect.” She called his cell phone at 11:10 p.m. and identified herself. He grunted and hung up. She called back at 11:11 p.m., and he failed to answer. At 11:13 p.m., she called back and he answered. She instructed him to stay on the phone, to take the box out of its charging stand, and to walk the box outside. Cofer hung up. She called back at 11:14 p.m. and had him stay on the line for nine minutes as he “walked the box” outside. Cofer reported to the supervisor’s office the next day as instructed.
It appears Cofer substantially complied with the supervising officer’s instructions asking him to walk outside in order to determine whether the electronic monitor he was wearing was functioning properly. It was well documented, and the hearing officer found, that Cofer was repeatedly given defective monitoring equipment, which malfunctioned on numerous occasions. This, in my judgment, fails to rise to the level of a willful violation of a substantial condition of supervision.