PER CURIAM.
We grant Marvin Lancaster's motion for rehearing or clarification, withdraw our prior opinion, and substitute the following corrected opinion.
Marvin Lancaster seeks certiorari review of the order summarily denying his petition for writ of habeas corpus. He argues *212 that the circuit court did not apply the correct law. We agree and reverse.
Lancaster was charged and convicted of robbery with a firearm. He was released on parole after serving twenty-three years of his fifty-year sentence. While on parole, Lancaster tested positive for cocaine and THC and was arrested for violating his parole. Lancaster claimed that he was diagnosed with cancer and utilized the drugs to relieve the pain resulting from his chemotherapy treatment. Following a hearing, the examiner recommended reinstating Lancaster's parole; however, the Florida Commission on Offender Review ("FCOR") disagreed and revoked Lancaster's parole.
Several years later, Lancaster filed an emergency petition for writ of habeas corpus in the circuit court seeking an order compelling FCOR to restore the original conditions of his parole. Lancaster alleged that FCOR failed to make statutory findings that his parole violation was willful and substantial. The circuit court summarily denied his petition.
A defendant may seek review of an FCOR order by filing a petition for writ of habeas corpus or a writ of mandamus in the circuit court, depending on the nature of the claim. E.g., Mabrey v. Fla. Parole Comm'n, 858 So. 2d 1176, 1181 (Fla. 2d DCA 2003). On its face, Lancaster's petition properly challenged the revocation of his parole and consequential incarceration. E.g., Martin v. Fla. Parole Comm'n, 951 So. 2d 84, 85 (Fla. 1st DCA 2007). After the circuit court conducts a complete review and denies the habeas petition, a defendant is not entitled to a second plenary appeal but may file a petition for writ of certiorari in the district court of appeal. See Mabrey, 858 So. 2d at 1181. The scope of review is whether the circuit court afforded due process and applied the correct law. Id.
Only a willful violation of a substantial condition of parole will justify revocation, and the examiner must make these factual findings in its revocation order. E.g., Mathis v. Fla. Parole Comm'n, 944 So. 2d 1182, 1183 (Fla. 1st DCA 2006) (granting certiorari and remanding case for a factual determination where the examiner's recommendations failed to find whether the violation was willful). The circuit court cannot conclude that competent, substantial evidence supported the finding of a violation if the record is unclear as to whether the fact finder determined that the defendant's violation was willful. Id.; see also Crosby v. Fla. Parole Comm'n, 949 So. 2d 1181, 1182 (Fla. 1st DCA 2007) (holding that where it was not clear from the examiner's records or the Parole Commission's revocation order whether the defendant's violation was found to be willful, the circuit court could not have reviewed the matter in accordance with the essential requirements of law).
Here, although the examiner found that Lancaster violated the terms of his parole by using illegal drugs, it is not clear from the examiner's findings, the record, or FCOR's revocation order whether the violation was found to be willful and substantial. E.g., Harris v. Fla. Parole Comm'n, 986 So. 2d 632, 632 (Fla. 1st DCA 2008) (granting certiorari where trial court found that the defendant violated the terms of his supervision by testing positive for marijuana and failing to timely report to the parole office as instructed but failed to determine whether the violations were both willful and substantial). Accordingly, reviewing courts have concluded that a circuit court's failure to grant a habeas corpus petition in such a case amounts to failure to apply the correct law. See Johnson v. Fla. Parole Comm'n, 958 So. 2d 1109, 1110 (Fla. 1st DCA 2007).
*213 Here, the circuit court concluded that FCOR's findings were consistent with the examiner's findings, which is true; however, the circuit court did not address Lancaster's claim that both the examiner and FCOR failed to find that the violation was willful.
We are sympathetic to FCOR's argument that Lancaster did not timely raise this issue. However, FCOR needed to raise this defense below before arguing it to this Court. Although there is no time limit to file a petition for writ of habeas corpus challenging the finding of a parole violation, the timeliness may be raised as an affirmative defense of laches. See McCray v. State, 699 So. 2d 1366, 1368 (Fla. 1997) (explaining that the doctrine of laches is properly applied to a habeas petition when a defendant unreasonably delayed in bringing a claim, which prejudiced the State in responding). Because the court did not request that FCOR respond to the petition below, it may raise that issue on remand.
Thus, we grant the petition for writ of certiorari, quash the order summarily denying the petition for writ of habeas corpus, and remand for consideration of Lancaster's claim.
PETITION GRANTED.
COHEN, EISNAUGLE and HARRIS, JJ., concur.