DOWNEY, Judge.
Appellant, Hazel Thomas, was charged with sexual battery upon a child in violation of section 794.011(2), Florida Statutes (1987). Appellant pled no contest pursuant to a plea agreement with the state in which it was agreed the state would recommend a sentence of seven years’ imprisonment, followed by three years’ probation. At the plea hearing the court asked counsel whether the sentence was within the presumptive guidelines range and was advised by both counsel that it was. Appellant was sentenced accordingly.
Thereafter, appellant learned that the scoresheet used by counsel and the court was in error because the “primary offense at conviction” was incorrectly scored reflecting a range of 7 to 9 years, whereas the scoresheet should properly have reflected a range of 3½ to 4¾⅞ years. The trial court denied appellant’s motion for correction of sentence.
We hold the trial court erred in denying appellant’s motion to correct the sentence due to use of an erroneous score-sheet. Such an error can be raised for the first time as late as a motion for post-conviction relief. State v. Chaplin, 490 So.2d 52 (Fla.1986); Parker v. State, 506 So.2d 86 (Fla.2d DCA 1987).
Accordingly, the sentence appealed from is reversed and the cause is remanded to the trial court with directions to resentence appellant using a proper guidelines score- *1283 sheet, pursuant to Florida Rule of Criminal Procedure 3.701(d).
WALDEN and GUNTHER, JJ., concur.