PER CURIAM.
Roger McCorven Hawthorne has appealed from an order of the trial court revoking community control and probation. We reverse, and remand for- clarification of the written revocation order.
In November 1989, Hawthorne was placed on community control and probation for possession of cocaine, marijuana and paraphernalia, and certain conditions were imposed. Condition (5) required Hawthorne to live without violating the law, (6) that he not use intoxicants to excess, and (20) that he receive drug counseling and evaluation as directed by his probation officer. In May 1990, an affidavit was filed alleging two violations of (5) (possession of crack, and resisting arrest without violence), and violations of (6) (based on positive urine tests) and (20) (missing drug counseling appointments).
At the subsequent hearing, it was decided that only evidence as to the alleged violations of (6) and (20) would be offered. At the end of the hearing, the trial judge orally announced that he found Hawthorne guilty of violating Conditions (4), which had not been charged, and (5), which had not been tried. Neither party objected to these misstatements. Based thereon, the judge revoked community control and probation, and sentenced Hawthorne to 3½ years incarceration. The subsequent written revocation order found that Hawthorne had violated Condition (5) twice. The order was therefore both inconsistent with the oral pronouncement, and was itself incorrect, in that the alleged violations of (5) were not tried.
A written revocation order must conform to the oral pronouncement at the hearing. Hamilton v. State, 578 So.2d 526 (Fla. 4th DCA 1991). However, there was no meaningful oral pronouncement in this case, in that Conditions (4) and (5) were clearly not at issue. Further, although the written revocation order purports to state grounds for revocation, it is also meaningless in light of the issues tried at the hearing.
*426 In McClinton v. State, 576 So.2d 924 (Fla. 1st DCA 1991), the trial court failed both to make an oral pronouncement of the grounds for revocation, and to state such grounds in the written revocation order. This court reversed and remanded for entry of an amended written order specifying the conditions of probation which were found violated. McClinton at 925. Similarly, in the instant case, there was neither a meaningful oral pronouncement of the grounds for revocation, nor a written order stating grounds consistent with the allegations actually tried. As in McClinton, we therefore reverse and remand for entry of a written revocation order specifying the conditions of community control and probation found violated.
Reversed and remanded with directions.
JOANOS, C.J., and BARFIELD and ZEHMER, JJ., concur.