588 So.2d 672 (1991)
Johnny Lee BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1188.
District Court of Appeal of Florida, First District.
November 12, 1991.
Dennis B. Gunson, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Johnny Lee Bennett has appealed from an order of the trial court denying a motion to withdraw his plea. We affirm as to that issue, but reverse the written judgments and sentences and remand for re-sentencing in accordance with the plea agreement.
Bennett was convicted by jury of possession of cocaine in Case No. 89-1474. He thereafter pled nolo contendere to sale of cocaine in Case No. 89-1551. As part of the plea agreement in 89-1551, Bennett agreed to be sentenced to ten years as an habitual offender in 89-1474, and to a consecutive ten year sentence in 89-1551; he also agreed to file no appeal in either case. In return, the state agreed not to seek habitual offender sentencing as to 89-1551. At the plea hearing, Bennett acknowledged under oath his agreement not to appeal in either case.
The case proceeded to sentencing, when Bennett stated that he wanted to "take the appeal part out of the agreement" in that he had not "been properly counseled." The trial judge construed this as a motion to withdraw the plea, and denied it. He then orally imposed the terms of years agreed on in the plea bargain, but did not impose habitual offender status in 89-1474. However, the written judgment and sentence reflect that such status was imposed in both 89-1474 and 89-1551. Thus, the written judgment and sentence was inconsistent with the plea agreement (in that it imposed habitual offender status as to 89-1551), and with the sentence as orally pronounced *673 (in that it imposed habitual offender status in both cases when that status was not pronounced).
Bennett argues first that the trial court had an affirmative duty to permit him to withdraw his plea, in that he misunderstood the plea agreement. This argument is not supported by the record. Bennett at no time claimed confusion over the terms of the plea agreement, and in fact accepted its terms under oath at the plea proceeding. He simply no longer wished to abide by it. Under that circumstance, the motion to withdraw was correctly denied and the plea agreement should stand.
However, Bennett also points out that the written judgment and sentence in Case No. 89-1551 indicating habitual offender status does not conform to the oral pronouncement of sentence. We agree that the written judgment and sentence is incorrect as to that case. See McBee v. State, 581 So.2d 1009 (Fla. 4th DCA 1991) (the written sentence must conform with the oral pronouncement at the sentencing hearing). However, although not raised by Bennett, the written judgment and sentence is similarly defective with regard to 89-1474. Despite the plea agreement, the trial court did not orally impose habitual offender status in 89-1474, and the written judgment and sentence in that case is therefore also incorrect. McBee.
Having reached that conclusion, we would normally remand for correction of the written judgments and sentences so that they conform to the oral pronouncement. However, in this case, the trial judge incorrectly omitted to orally impose habitual offender status in 89-1474, as provided in the plea agreement. We therefore decline to remand for correction of the written judgments and sentences to conform to an incorrect oral pronouncement, in that Bennett would thereby receive the benefit of his bargain (no habitual offender status in 89-1551), and the state lose its concomitant benefit (habitual offender status in 89-1474). See also, e.g., Hawthorne v. State, 583 So.2d 425 (Fla. 1st DCA 1991) (court will not remand to conform written probation revocation order to oral pronouncement when the oral pronouncement was itself incorrect).
Based on the foregoing facts and authority, we reverse the written judgments and sentences imposed herein, and remand for resentencing consistent with the valid plea agreement.
BOOTH and MINER, JJ., concur.