PER CURIAM.
Robert Anderson appeals his sentence, asserting that the trial court improperly imposed a three year minimum mandatory sen- *1139 tenee. in its oral pronouncement of sentence. We agree that the court erred and remand for resentencing.
The state concedes there is no evidence that Anderson was in possession of a weapon during the commission of the offenses and agrees that the court’s oral pronouncement of the minimum mandatory sentence was improper. See State v. Rodriguez, 602 So.2d 1270 (Fla.1992).
The written sentence must comport with the oral pronouncement of the court. In most instances this court would remand this case to correct this error because the oral pronouncement would prevail over the written order, see Cobb v. State, 554 So.2d 666 (Fla. 2d DCA 1990); however, since the oral pronouncement is erroneous, upon remand, the court should impose a sentence which does not include the minimum mandatory term. See McDonald v. State, 564 So.2d 523, 525-26 (Fla. 1st DCA 1990); see also Townsend v. State, 604 So.2d 885 (Fla. 2d DCA 1992); Bennett v. State, 588 So.2d 672, 673 (Fla. 1st DCA 1991).
We remand this matter for the court to correct the sentence pursuant to the directions set forth in this opinion. The judgments are affirmed in all other respects.
CAMPBELL, A.C.J., and HALL and THREADGILL, JJ„ concur.