PER CURIAM.
We reverse Appellant’s sentence and remand for resentencing. However, in all other respects the judgment is affirmed, as Appellant has not demonstrated error or abuse of discretion in the trial court’s rejection of his attempt to withdraw his plea. Hunt v. State, 613 So.2d 893, 896 (Fla.1992); Horton v. State, 646 So.2d 253 (Fla. 1st DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995); Bennett v. State, 588 So.2d 672, 673 (Fla. 1st DCA 1991).
We reverse the sentence because, as the state concedes, the sentence of 22 years in prison plus 10 years probation exceeds the 30 year maximum permitted, absent a life sen *1171 tence, under section 775.082(3)(b), Florida Statutes.
There is also an apparent scoresheet error, listing 36 points for severe victim injury rather than the 21 points allowed under the guidelines for the primary offense at sentencing. Fla.R.Crim.P. 3.988(a). The state argues that part of this apparent error may be attributed to scoring for an additional victim’s injury. However, nothing in our record supports such an assumption, as Appellant was not sentenced on charges involving the battery on the other alleged victim. As Appellant will be resentenced and our record is insufficient for us to definitively address this issue, we leave open the question of the correct scoring for the victim injury on re-sentencing for consideration by the court before resentencing. Scott v. State, 638 So.2d 616 (Fla. 4th DCA 1994); Boland v. State, 613 So.2d 72 (Fla. 4th DCA), rev. denied, 624 So.2d 268 (Fla.1993); Thomas v. State, 547 So.2d 1282 (Fla. 4th DCA 1989).
STONE, PARIENTE and SHAHOOD, JJ., concur.