674 So.2d 868 (1996)
Juan M. NARVAEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01104.
District Court of Appeal of Florida, Second District.
May 24, 1996.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
The appellant, Juan M. Narvaez, challenges an order revoking his probation and community control. We reverse and remand for clarification of the written revocation order.
An amended affidavit of violation of probation and community control alleges that Narvaez violated eleven conditions of his probation and community control. At his hearing, Narvaez admitted to violating condition (A), condition (J), condition 9 and condition 12. *869 At the end of the hearing, the trial court found that Narvaez violated condition (A), condition 9 and condition 12. Based on these three violations, the trial court revoked his probation and community control. The trial court refused to hear testimony regarding other violations and stated that it was not violating him for those conditions. However, the written order of revocation of probation and community control erroneously lists all eleven violations.
A written order of revocation must conform to the oral pronouncement at the hearing. Corona v. State, 642 So.2d 667 (Fla. 3d DCA 1994); Hawthorne v. State, 583 So.2d 425 (Fla. 1st DCA 1991). Here, the written order lists several violations that were not addressed at the revocation hearing. Consequently, we reverse and remand with instructions to strike the reference to the conditions that the trial court failed to announce from the written revocation order.
Further, Narvaez admitted, and the trial court found, that he violated condition (A). This finding was fundamental error because Narvaez was never ordered to comply with this condition. See Hoshaw v. State, 533 So.2d 886 (Fla. 3d DCA 1988). Therefore, the reference to condition (A) should also be stricken from the written revocation order.
Accordingly, we reverse and remand with instructions to strike the reference to all conditions except condition 9 and condition 12 from the written order of revocation. Narvaez need not be present for the entry of the amended revocation order.
PARKER, A.C.J., and QUINCE, J., concur.