PER CURIAM.
This direct criminal appeal was brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Having reviewed the entire record, we agree that no reversible error has occurred. We affirm the trial court’s revocation of appellant’s community control and imposition of judgment and sentence. However, the trial court erred in revoking appellant’s community control based on a subsequent amended violation report filed after appellant admitted to violating his community control. Cf. Perkins v. State, 842 So.2d 275, 277 (Fla. 1st DCA 2003) (holding that the trial court is not permitted to revoke probation based on conduct not charged in the affidavit). Appellant admitted to violating the conditions set forth in the violation report filed March 5, 2003. The trial court accepted the admission on May 8, 2003. The written order of revocation erroneously bases the revocation on the violation report filed May 13, 2003. The record does not show that appellant admitted to committing new violations raised in the May 13, 2003, report or that the state presented a factual basis to revoke probation based on the new violations. Therefore, we remand for the trial court to correct the order of revocation to reflect that revocation was based on the violation report filed on March 5, 2003, not May 13, 2003.
AFFIRMED; REMANDED with directions.
DAVIS, BROWNING and HAWKES, JJ., concur.