PER CURIAM.
This direct criminal appeal was brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Having reviewed the entire record, we affirm the trial court’s revocation of appellant’s community control and the resulting sentence but remand for correction of a scrivener’s error.
In its order revoking the appellant’s community control, the trial court erroneously listed as the basis for revocation all four violations alleged in the violation of community control affidavit. The record does not reflect that the appellant admitted to the allegations based upon the commission of new law offenses or that the state demonstrated a basis to revoke as to these allegations. Instead, the plea form explicitly stated that the appellant admitted to violating her curfew and the failure to submit to electronic monitoring, but not the violations based upon the commission of two new law offenses. It was reiterated during sentencing that the new law of *348 fenses were contested and were not being considered in these proceedings. Therefore, we remand for the trial court to correct the order of revocation to reflect that revocation was based on the failure to comply with the appellant’s curfew and the failure to submit to electronic monitoring. See Harvin v. State, 882 So.2d 1089, 1089 (Fla. 1st DCA 2004) (affirming the revocation of probation in an Anders appeal, but remanding for correction of the order to reflect only the violations admitted to as its basis); Narvaez v. State, 674 So.2d 868, 869 (Fla. 2d DCA 1996) (noting that the written order of revocation must comport with the oral pronouncement and remanding with instructions to strike from the order the violations neither admitted to nor found by the court).
AFFIRMED; REMANDED with directions.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.