NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TERESA FOUST SYMES,                 )
                                    )
          Appellant,                )
                                    )
v.                                  )          Case No. 2D15-1620
                                    )
STATE OF FLORIDA,                   )
                                    )
          Appellee.                 )
_____     )

Opinion filed June 15, 2016.

Appeal from the Circuit Court for Pinellas
County; Frank Quesada, Judge.

Howard L. Dimmig, II, Public Defender, and
Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal, Assistant
Attorney General, Tampa, for Appellee.


CASANUEVA, Judge.

          Teresa Symes seeks review of an order entered after an evidentiary

hearing on a violation of community control.  We affirm but remand for the court to enter

a corrected order that conforms to the trial court's oral pronouncement.

          An evidentiary hearing was held on February 18, 2015.  Following the

hearing, the trial court orally found that any violation of condition three of Ms. Symes'

probation for changing her residence without permission was not a substantial violation. However, the court found that a violation of condition fifteen of her community control for failing to report to her community control officer on November 4, 2015, was both willful and substantial. Thus, the trial court found Ms. Symes to be in violation of her community control for failing to report. The trial court reinstated supervision and sentenced Ms. Symes to one year in the county jail as a condition of continued supervision.

We affirm the disposition and sentence without further discussion but note that the written order does not conform to the oral pronouncement regarding the condition violated. Specifically, the written order states that Ms. Symes willfully and substantially violated condition three by changing her residence without first procuring consent. We remand this matter to the trial court with directions to enter a corrected order that conforms to the oral pronouncement. See Turner v. State, 873 So. 2d 480, 481 (Fla. 2d DCA 2004).

Affirmed and remanded with instructions.


SLEET and SALARIO, JJ., Concur.