NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROCHELLE LEE JONES,                    )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D15-5331
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____   )

Opinion filed June 2, 2017.

Appeal from the Circuit Court for
Hillsborough County; Daniel L. Perry,
Judge.

Howard L. Dimmig, II, Public Defender,
and Carol J. Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SALARIO, Judge.

        Rochelle Jones challenges the revocation of her drug-offender probation

and resulting sentences in this appeal that is proceeding pursuant to Anders v.

California, 386 U.S. 738 (1967).  We affirm without comment and remand solely to have

the trial court enter a written revocation order that matches its oral pronouncement after

the violation hearing.

In September 2015, Ms. Jones' probation officer filed an affidavit of violation of probation charging Ms. Jones with one violation of condition nine for her failure to comply with the instructions of her probation officer and two violations of condition eleven for twice refusing to submit to random testing as directed by her probation officer. The violations stemmed from an incident during which Ms. Jones attempted to "defraud a drug test" and failed to remain at the probation office to take a subsequent test despite receiving instructions from her probation officer to do so.

After an evidentiary hearing on November 5, 2015, the trial court orally pronounced that Ms. Jones had violated condition eleven of her drug-offender probation and sentenced her to forty-four months' prison. The written order of revocation subsequently entered by the trial court, however, states that Ms. Jones committed one violation of condition nine and two violations of condition twelve. "A written order of revocation must conform to the oral pronouncement at the hearing." Narvaez v. State, 674 So. 2d 868, 869 (Fla. 2d DCA 1996); see also Margolis v. State, 148 So. 3d 532, 532 (Fla. 2d DCA 2014) (remanding for the entry of a corrected order of revocation to reflect the conditions of probation the defendant admitted violating). Thus, although we affirm the trial court's decision to revoke Ms. Jones' probation, we remand with instructions to enter a revocation order that conforms to the oral pronouncement that Ms. Jones was found to have committed a single violation of condition eleven of her drug offender probation. See Symes v. State, 193 So. 3d 1067 (Fla. 2d DCA 2016); Narvaez, 674 So. 2d at 869.

Affirmed; remanded with instructions.

NORTHCUTT and KELLY, JJ., Concur.

- 2 -