NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CIERA MONIQUE ALLEN, )
)
Appellant, )
)
v. )       Case No. 2D17-910
)
STATE OF FLORIDA, )
)
Appellee. )
_____)

Opinion filed October 18, 2017.

Appeal from the Circuit Court for Polk
County; Kelly P. Butz, Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

SILBERMAN, Judge.

        In this Anders[1] appeal, we affirm the revocation of Ciera Monique Allen's

drug offender probation and resulting sentence for possession of hydrocodone.  We

remand only for the trial court to correct the revocation order to conform to the trial

_____
        [1]Anders v. California, 386 U.S. 738 (1967).

court's oral pronouncement.  See Jones v. State, 221 So. 3d 736, 736 (Fla. 2d DCA 2017); Symes v. State, 193 So. 3d 1067, 1067 (Fla. 2d DCA 2016).

An amended affidavit of violation of probation (VOP) was filed in January 2017 that alleged one violation of condition 2, two violations of condition 7, two violations of special condition 3, one violation of special condition 7, and one violation of special condition 8.  At the revocation hearing, the trial court stated that it would delete the violation of special condition 7, and Allen then admitted to violating the conditions in the amended VOP affidavit.  But the written revocation order states that Allen admitted all conditions stated in the January 2017 amended VOP affidavit.  Therefore, we remand for the trial court to correct the revocation order to indicate that Allen did not admit to a violation of special condition 7.

Affirmed and remanded.

LaROSE, C.J., and MORRIS, JJ., Concur.