NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN LUKE HENRY,                    )
                                    )
          Appellant,                )
                                    )
v.                                  )          Case No.  2D17-1254
                                    )
STATE OF FLORIDA,                   )
                                    )
          Appellee.                 )
_____ )

Opinion filed September 7, 2018.

Appeal from the Circuit Court for Charlotte
County; Donald H. Mason, Circuit Judge,
and John L. Burns, Acting Circuit Judge.

Howard L. Dimmig, II, Public Defender,
and Joanna Beth Conner, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SILBERMAN, Judge.

          In this appeal filed pursuant to Anders v. California, 386 U.S. 738 (1967),

we affirm the revocation of John Luke Henry's drug offender probation and resulting

sentence for dealing in stolen property.  We remand only for the trial court to correct the

written revocation order.

An amended violation of probation (VOP) affidavit alleged five new law violations that constituted violations of condition 5 of Henry's probation. At the VOP hearing, the State informed the court it would proceed on four of the five new law offenses as violations. After Henry admitted that he entered a plea to two of the charges (battery on a law enforcement officer and resisting arrest with violence) and had received six months in jail on them, the State informed the court it was striking the two conditions to which he did not enter a plea. Thus, only two violations remained. The trial court found Henry in violation based on the new law violations and revoked his probation.

Although there were only two violations of condition 5 remaining before the trial court at the hearing, the revocation order shows four violations of condition 5. Therefore, we remand for correction of the revocation order to reflect only two violations of condition 5. See Allen v. State, 228 So. 3d 681, 681-82 (Fla. 2d DCA 2017) (remanding for correction of revocation order to conform to the oral pronouncement).

Affirmed and remanded.

CASANUEVA and MORRIS, JJ., Concur.