NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JOSHUA MELVIN NEGRON,        )
                                          )

          Appellant,          )
                                          )

v.                               )      Case No. 2D17-2446
                                          )

STATE OF FLORIDA,            )
                                          )

          Appellee.           )
_____)

Opinion filed November 28, 2018

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Robert P. Harris of Robert Harris Law Firm,
Fort Myers, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa,
for Appellee.


SILBERMAN, Judge.

          Joshua Melvin Negron challenges the revocation of his probation and

resulting sentence of twenty-four months in prison for the offense of fleeing or eluding a

law enforcement officer with lights and sirens activated. We affirm without discussion

the trial court's decision to revoke probation and remand only for entry of a second corrected revocation order.

The trial court entered a revocation order and a corrected revocation order. Negron argues, and the State acknowledges, that the corrected revocation order contains errors that require further correction. Accordingly, we remand for the trial court to enter a second corrected revocation order that omits the condition five violations that were never alleged or mentioned at the evidentiary hearing, includes the condition ten violation that the trial court found, and reflects that the violations were found after an evidentiary hearing. See Jones v. State, 221 So. 3d 736, 736 (Fla. 2d DCA 2017) (remanding for entry of a revocation order conforming to the oral pronouncement of the condition violated); Hamilton v. State, 128 So. 3d 177, 177 (Fla. 2d DCA 2013) (remanding to correct revocation order that incorrectly stated that the probationer admitted to the violation when the trial court had conducted a revocation hearing).

Affirmed and remanded with instructions.

LUCAS and SALARIO, JJ., Concur.